SOLOMON STRAUSS and WILLIAM H. STRAUSS *vs.* JOHN M. HEISS.

*Personal liability of a Stockholder for a Debt due by the Corporation—Act of 1872, ch. 203, and Act of 1872, ch. 325—Conflicting Statutes approved on the same day—Question as to the Existence of a Statute, or the Time when it takes effect—When a Statute takes effect—Act of 1868, ch. 471—When a part of the Title of an Act will be rejected as Surplusage—Article 3, section 29, of the Constitution.*

In a suit brought against a stockholder of a corporation, to enforce his personal liability for a debt due to the plaintiffs by the corporation, the defendant among other defences pleaded that before the first of April, 1872, and before the plaintiffs' debt was contracted, he had fully paid to the said corporation the whole amount of his subscription to the capital stock of the company. On demurrer to this plea, it was HELD:

That under the Act of 1872, ch. 325, approved 1st of April, 1872, which provides that "no stockholder shall be individually liable to the creditors of such corporation, except to the amount of his, her or their unpaid subscription to the capital stock," said defence was well taken, and was a complete answer to the plaintiffs' declaration.

The Act of 1872, ch. 203, and the Act of 1872, ch. 325, being inconsistent with, and repugnant to, each other, the latter Act, having been approved subsequently to the former, repeals the same and becomes the law, though both Acts were signed and approved by the Governor on the same day.

Whenever a question arises in a Court of law as to the existence of a statute, or the time when it took effect, the Judges who are called on to decide the question, have a right to resort to any source of information, which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to the question—*the best and most satisfactory evidence in all cases being required.*

A statute takes effect from the very moment of its approval; and to ascertain this precise moment, Courts disregard the fiction which obtains in the law for some purposes, that fractions of a day are not considered.

The Act of 1868, ch. 471, having been intended by the Legislature as a substitute for all existing general laws on the subject of incorporations, is applicable to a company incorporated in 1865, under Article 26, of the Code.

The mere fact that part of the title of an Act refers to a subject-matter, foreign to, and inconsistent with, other parts of the title, and which finds no corresponding provision in the body of the law, will not in itself render the Act invalid. In such a case so much of the title as is repugnant to, and inconsistent with, the Act will be rejected as surplusage. Consequently the Act of 1868, ch. 471, is not invalid from any want of conformity to the requirements of section 29 of Article 3, of the Constitution of the State.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Thomas J. Morris* and *Edward Otis Hinkley,* for the appellants.

*Bernard Carter,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought to enforce the personal liability of the appellee, as a stockholder of the Baltimore County Brewing, Malting and Distilling Company, for a debt due to the appellants by said corporation.

In addition to the general issue plea, and a plea of the Statute of Limitations, the defendant filed a third plea, alleging that before the first of April, 1872, and before the plaintiffs' debt was contracted, he had fully paid to the said corporation, the whole amount of his subscription to the capital stock of the company.

To this plea, the plaintiffs demurred, and upon joinder in demurrer, the Court overruled the demurrer and gave judgment for the defendant; the plaintiffs thereupon appealed.

Section 52 of Art. 26, of the Code, and section 59, of the Act of 1868, known as the General Corporation Law of this State, provide that:

"All the stockholders of any such corporation shall be severally and individually liable to the creditors of the corporation of which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by the corporation, until the *whole capital stock* limited and fixed by the corporation, shall have been paid in and a certificate thereof made and filed as prescribed in the following section of this Article."

The Act of 1872, chap. 325, however, makes a radical change in regard to the personal liability of stockholders, and by that Act it is provided that,

"No stockholder shall be individually liable to the creditors of such corporation, except to the amount of his or their *unpaid subscription* to the capital stock."

This Act was approved April 1st, 1872.

As the plea therefore avers that the defendant had fully paid the whole amount of his subscription prior to April 1st, 1872, and before the plaintiffs' debt was contracted, these facts under the Act of 1872, were a complete answer to the declaration, and the demurrer therefore was properly overruled.

The appellants contend that the Act of 1872, chap. 325, does not apply to or cover this case:—

1st. Because there was approved on the same day, April 1st, 1872, another Act, being chap. 203 of the Acts of 1872, which purported also to repeal the same 59th sec. of the Act of 1868, by which said Act of 1872, chap. 203, the personal liability of stockholders continued until the whole capital stock of the corporation had been paid in.

2nd. Because the company was incorporated before the Act of 1868, and is not therefore affected by the provisions of that Act.

3rd. Because the Act of 1868, chap. 471, is invalid, not having been passed in conformity with the provisions of the 29th sec. of Art. 3, of the Constitution of this State.

1st. We have then two Acts, passed at the same session and approved on the same day, relating to the same subject-matter, and entirely inconsistent with and repugnant to each other, and the question is which of these two Acts is to be considered as the controlling and operative law.

It is admitted that chap. 325, was passed subsequently to the passage of chap. 203; and though both were approved on the same day, it is but fair to presume that chap. 325, was approved by the Governor later in the day, all the chapters from 203 to 325, having been approved and signed by him in the interval.

We do not, however, rest our decision on this presumption, because it is well settled, that whenever a question arises in a Court of law, as to the existence of a statute or the time when it took effect, the Judges who are called on to decide the question, have a right to resort to any source of information, which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to the question—*the best and most satisfactory evidence* in all cases being required. *Berry vs. Balt. & Drum Point R. R. Co.,* 41 *Md.,* 464; *Legg, et al. vs. Mayor, &c. of Annapolis,* 42 *Md.,* 211; *Gardner vs. The Collector,* 6 *Wallace,* 499.

According to the testimony of Governor WHYTE, he signed and approved chap. 325, subsequent to the hour in said day at which he signed and approved chap. 203, and that he signed in said interval all the Acts of 1872, which are to be found in the printed volume of said Acts, between chap. 203 and chap. 325.

This evidence being the best and most satisfactory proof the case admits of, and as such being admissible under the cases above cited, it establishes the fact that chap. 325, was approved after chap. 203.

A statute takes effect from the very moment of its approval, and to ascertain this precise moment, Courts disregard the fiction which obtains in the law for some purposes, that fractions of a day are not considered, and chap. 325, having been approved at a later hour in the day than chap. 203, the former becomes the law, and therefore operates as a repeal of the latter.

2nd. The objection that the Act of 1868, chap. 471, does not apply to this company because it was incorporated under Art. 26, of the Code, is answered by the decision in *Montel & Co. vs. Consolidation Coal Co.*, 39 *Md.*, 164, in which it was expressly held, that the Act of 1868, was intended by the Legislature to be a substitute for all existing general laws on the subject of incorporations.

3rd. But the Act of 1868 is said to be invalid, because it does not conform to the requirements of sec. 29, Art. 3, of the Constitution, which provides that,

"Every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

This objection cannot certainly apply to the body of the Act, for although it contains no less than *two hundred and nineteen* sections, they all relate to the formation and government of corporations, and the rights and liabilities of parties thereunder.

But the objection in this respect we understand is based upon the fact, that the title, in addition to other matters, purports to repeal sections 99 to 103, of Art. 16, of the Code, which sections relate to Chancery proceedings, and have no reference to corporations.

It is obvious from an examination of the Act itself, in connection with the report made by the Commissioners who framed the law, and who were appointed for that purpose by the Governor, in pursuance of the requirements of the Constitution of 1867, that sections 99 to 103 intended to have been named in the title are sections 99 to

103, of Art. 75, which will be found to relate to incorporations and to be embodied with amendments in the Act of 1868.

But be that as it may, the mere fact that part of the title of an Act refers to a subject-matter foreign to, and inconsistent with, other parts of the title, and which finds no corresponding provision in the body of the law, would not in itself render the Act invalid. In such a case, so much of the title as was repugnant to, and inconsistent with, the Act would be rejected as mere surplusage.

In *Davis vs. State*, 7 *Md.*, 151, the Court in considering a provision of the Constitution of 1851, like the one now before us, said :

" A whole law, otherwise constitutional, would not be rendered void by the introduction of a single foreign or irrelevant subject not indicated in the title. In such a case, the irrelevant matter would be regarded as void, and the principal subject of the law, if properly described in the title, would be valid."

For these reasons the judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1878.)