State *vs.* Davis, *et al.* ·

(Decided 8th February, 1889.)

STATE OF MARYLAND *vs.* JAMES A. DAVIS, ALBERT KIRK, EDWARD T. RUSSELL, and WASHINGTON W. DAVIS.

*Statutes—Inconsistent legislation—Marriage License fee—Acts of* 1886, *chapters* 261 *and* 497—*Question of Priority—Presumption.*

The Acts of 1886, chapters 261 and 497, both repealing sec. 7, of Art. 60, of the Code, relating to marriage licenses, and irreconcilably inconsistent in their provisions, were passed on different days but approved on the same day.   HELD:

1st. That they will in the absence of evidence, be presumed to have been approved in their numerical order, and chapter 497 will be considered the latest expression of the legislative will.

2nd. That as chapter 261 was silent as to the time when it should go into effect, it became a law by virtue of the Constitution on the 1st day of June succeeding its passage, and continued in force until the 1st day of July, when it was repealed by chapter 497, which by express provision went into effect on that day, and contained a section repealing all Acts or parts of Acts inconsistent with it.

State *vs.* Davis, *et al.*

APPEAL from the Circuit Court for Cecil County.

The nature of the action is stated in the opinion of the Court. The case was submitted to the Court below upon the following agreed statement of facts:

This case is docketed by consent, for the purpose of obtaining from the Court a construction of the Acts of 1886, chapters 261 and 497, in reference to the disposition of the fee of one dollar, therein mentioned, to be charged by the clerks of the Courts for marriage licenses.

It is agreed, that James A. Davis, as clerk of the Circuit Court for Cecil County. has received for licenses issued by him since the first day of July, 1886, under the said Act of 1886, chap. 497, the sum of $289.00; and it is also agreed, that all the requirements and provisions of said Act of Assembly aforesaid, were fully and particularly complied with by said clerk in issuing said licenses; and if the Court should be of the opinion that the whole fee of one dollar for each marriage license, provided for by chap. 497 of said Acts, belong to said James A. Davis, as clerk aforesaid, then judgment shall be entered for the defendants; and if they should be of opinion that fifty cents only should be retained by said clerk, then judgment for $144.50 is to be entered for the State, as plaintiff.

It is further agreed, that a right of appeal to the Court of Appeals is hereby reserved by the respective parties to this case; also, that a copy of this agreed statement and the docket entries shall be a sufficient record.

The Court rendered a verdict and judgment for the defendants and the plaintiff appealed.

The cause was argued for the appellant before ALVEY, C. J., STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted for the appellees.

State *vs.* Davis, *et al.*

*Wm. Pinkney Whyte, Attorney-General,* for the appellant.

*W. T. Warburton,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The State of Maryland sued James A. Davis, clerk of the Circuit Court for Cecil County, upon his bond as clerk, and the breach alleged is the failure to pay over to the State one-half of the marriage license fees received by him since the first of July, 1886. The clerk claims that under the Act of 1886, chapter 497, no part of the license money goes to the State, but that it all goes to the clerk for his services in issuing the license and performing the duties required of him by the law.

By chapter 261, of the Acts of 1886, section seven of Art. 60 of the Code relating to marriages was repealed, amended and re-enacted, so that marriage licenses were reduced from four dollars and fifty cents, to one dollar, fifty cents of which was to be retained by the clerk for issuing the same, and the remaining fifty cents thereof was to be turned into the State treasury. By chapter 497 of the same session of the Legislature, (1886,) sections four, five, six, seven and eight, of Article 60, of the Code, were repealed, amended and re-enacted in different forms, and four additional sections were added. These Acts, although passed on different days, as their respective numbers very clearly indicate, were approved by the Governor on the same day, and the question presented is whether they are so irreconcilably inconsistent that they cannot stand together, and the first in date must yield to the later Act of the Legislature.

Careful comparison of the two Acts shows their provisions to be so inconsistent that they cannot be reconciled, and can not both be the law. The latest expression

of the legislative will is found in chapter 497; and as chapter 261 and it, were both approved by the Governor the same day, the presumption is that they were approved by him in numerical order, and therefore chapter 497, having been last approved, became the finally operative statute. That is the rule which was applied in *Strauss vs. Heiss,* 48 *Md.,* 292. In that case chapter 203 and chapter 325, of the Acts of the Legislature in 1872, were both approved by the Governor on the same day. Both Acts repealed the same section of Article 26 of the Code, as amended by the Corporation Act of 1868, and the provision substituted by these two Acts was not the same. The Court said the presumption was that the later Act was last approved, and repealed chapter 203, and became the law; but they also had the testimony of the Governor that chapter 325 was in fact approved last. Here we must depend on the presumption entirely. The numbers indicate considerable difference in the time of passage, and the journals show that ch. 261 was finally passed on the 2d of April, and that 497 was finally passed on the 5th of the same month. Both these Acts repeal section seven of Article sixty of the Code, and each enacts a new section seven; but the sections seven of the two Acts are entirely dissimilar. Chapter 497 does more, it repeals sections four, five, six, seven and eight of Article sixty, and enacts new sections for them; and also adds four additional sections. It does not, it is true, repeal section seven by description "as enacted by chapter 261," but by the same description as chapter 261 uses; and when the last Act was passed section seven was, of course, just what chapter 261 made it. The new section *seven* which chapter 497 enacts makes no provision for license money or what is to be done with it. That section in chapter 497 prohibits the issuance of license to minors without consent of

parents or guardian.    The license fee is regulated in
that Act by the additional section styled 7 C.    If any
effect, therefore, is to be given to this Act, which as
has been seen is much wider in its scope and changes
wrought on Article 60 of the Code, it must be held to
repeal and supersede chapter 261, because of irrecon-
cilable conflict.    We cannot hold there are two sections
seven differing entirely in character, without strong
evidence of such purpose and marks of distinction, of
which we can find no indication.

It should be added also that not only is section seven
expressly repealed by 1886, ch. 497, and is not repro-
duced in the same or similar language, but it contains
a section repealing all Acts or parts of Acts inconsistent
with it.    Its last section fixes the first day of July,
1886 for it to go into effect.    Chapter 261 was not made
to go into effect immediately, and was therefore under
the Constitution a law on the first day of June after its
passage, and was therefore the law for one month,
when it was superseded by chapter 497.    We see no
escape from this conclusion ; and must look to section
7 C in chapter 497 for the marriage license fee and what
is to be done with it.    It reads thus: "The clerk of
the Court shall receive one dollar for every license
issued as aforesaid, and for the performance of the
other duties required by this Act."    Additional duties
are required of him, and by the plain reading of the
statute he is to have all the fees for discharging the
duties required of him.    He is to keep a marriage
license book and keep the same indexed, and is to re-
cord in it all matters about which he is required to inter-
rogate applicants for license.    For this large increase
of duty the Legislature would seem, in this Act, to be
providing compensation larger than before accorded,
and has reserved no part of the license money for the
State treasury.    It seems to have intended to impose

no.restriction upon marriage beyond the payment to the clerk of a reasonable sum for issuing the license, and recording the facts which public policy was thought to require to be preserved.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*

(Decided 8th February 1889.)