# CIRCUIT COURT OF BALTIMORE CITY.

Reported Daily Record, May 14, 1895.

## IGNATIUS BATORY

### VS.

## THE SUPREME COUNCIL OF THE AMERICAN LEGION OF HONOR.

*Wm. A. Fisher* for plaintiff.

*J. F. Fort* and *A. J. Carr* for defendant.

DOBLER, J.—

This is a case in which a member of a foreign corporation complains against certain acts of the corporation amending its by-laws, rules and regulations, the effect of which amendments is alleged to be prejudicial to the interest of the plaintiff and in violaton of the conditions under which he became such a member.

Under the decision of the Court of Appeals in the North State Copper and Gold Mining Co. vs. Field, 64 Md. 151, this must be considered a controversy relating to the internal affairs of the defendant corporation, over which our Courts will not take jurisdiction. The bill in this case must therefore be and the same is hereby dismissed with costs.

# CRIMINAL COURT OF BALTIMORE CITY.

Reported Daily Record, May 14, 1895.

## THE STATE OF MARYLAND
### VS.
## WILLIAM BRAMBLE.

*State's Attorney Kerr* for State.
*A. S. J. Owens* for defendant.

DOBLER, J.—

William Bramble is indicted, charged with violating Section 71, of Article 72 of the Code of Public General Laws. The alleged offense is that of shipping a crew without going before a Shipping Commissioner and executing a contract as provided by Chapter 379 of the Act of 1894. He has demurred to the indictment. The determination of the demurrer must depend upon the effect of Chapter 380 of the Acts of 1894.

The General Assembly of Maryland at its last session passed two acts, Chapter 379 which repealed and reenacted with amendments, Sections 67 to 76 inclusive of Article 72 of the Code of Public General Laws, and Chapter 380 which repealed and reenacted with amendments the entire Article 72. Both of these acts were approved by the Governor on the same day, April 6, 1894. There is no provision in Chapter 380 for the appointment of a State Shipping Commissioner nor for the execution of any contract as provided by the 71st section of Article 72 as it existed prior to the 6th of April, 1894. It has been decided in the case of State vs. Davis, et al., 70 Md. 237, that where two Acts of Assembly were approved by the Governor on the same day the presumption is that they were approved by him in numerical order, and that the chapter last approved becomes the finally operative statute. The demurrer in this case is therefore sustained.