THE COUNTY COMMISSIONERS OF ALLEGANY COUNTY *vs.* EDWIN WARFIELD, GOVERNOR OF MARYLAND.

*Constitutional Law—Signing by the Governor of a Bill Under a Mistake and Immediate Erasure of Signature.*

A bill which had passed the Legislature was presented to the Governor for his approval. He signed it in the presence of officers of the Senate and House of Delegates, but *immediately thereafter* erased his name from the bill because he discovered that he was under a misapprehen-

sion as to what the bill signed was and he had never mentally approved it. Constitution, Art. 3, sec. 30, provides that "every bill when passed by the General Assembly and sealed with the Great Seal shall be presented to the Governor who, if he approves it, shall sign the same in the presence of the presiding officers and chief clerks of the Senate and House of Delegates.  Every law shall be recorded in the office of the Clerk of the Court of Appeals, etc." *Held*, that the bill so signed was not approved by the Governor within the meaning of the Constitution and did not become a law.

*Held*, further, that the oral testimony of the Governor is admissible to show that he signed the said bill by inadvertence, and under a misapprehension as to what the paper being signed was, and without ever having gone through the mental operation of approving the bill and that he immediately thereafter erased his name from the bill.

Appeal from the Circuit Court for Anne Arundel County (REVELL and THOMAS, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, SCHMUCKER, and JONES, JJ.

*James W. Owens* and *Albert A. Doub*, for the appellant.

The Court declined to hear *William S. Bryan, Jr.*, Attorney-General, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The County Commissioners of Allegany County filed a petition in the Circuit Court for Anne Arundel County against the Governor of Maryland asking for a writ of *mandamus* to compel him to forward to the Clerk of this Court a certain statute which they allege was duly passed by both Houses of the General Assembly and approved by the Governor by signing the same as required by the Constitution.  They also allege that this statute was duly signed by the President of the Senate and the Speaker of the House of Delegates after the Governor had duly signed and approved the same.  The petition was answered by the defendant.  No question arises upon the pleadings.  The sole question presented is whether when the Governor of Maryland signs a "bill by *inadvertence* and *under a misapprehension as to what the paper is and without having*

*gone through the mental operation of approving said bill* and having immediately thereafter erased his signature, can be said to have indicated and expressed his approval as required by sec. 30 of Art. 3 of the Constitution of Maryland?

The section just referred to provides that "Every bill when passed by the General Assembly and sealed with the Great Seal, shall be presented to the Governor, who, if he approves it, shall sign the same in the presence of the presiding officers and chief clerks of the Senate and House of Delegates. Every *law* shall be recorded in the office of the Clerk of the Court of Appeals, and in due time be printed, published and certified under the Great Seal, to the several Courts, in the same manner as has been heretofore usual in this State."

The case was tried before the Circuit Court for Anne Arundel County without a jury. During the trial two exceptions were taken to the rulings of the Court, one of them relating to the admissibility of testimony and the other to the rejection of the plaintiffs prayer. The result of these rulings was that the petition was dismissed with costs and the plaintiff has appealed.

*First Exception.*—The plaintiff having offered testimony showing that the bill in question was duly passed by the General Assemby and presented to the Governor and that he signed the same on the 12th day of April, 1904, in the presence of the presiding officers and chief clerks of the Senate and House of Delegates, the defendant offered to prove by the oral testimony of the Governor "that he signed the bill which is the subject of this proceeding by inadvertence and under a misapprehension as to what the paper being signed was, and without ever having gone through the mental operation of approving said bill, and that *he immediately* thereafter erased his name from the bill."

It should be stated in the first place that this objection assumes that this is not a case in which the Governor has *intentionally* signed a bill and thereafter *changes his mind*, but the objection of the plaintiff to this offer of the defendant is upon the theory that assuming that the intention to sign never existed and that the Governor when he wrote his name upon

*that* bill did not intend to sign *it*, but some other paper, still it is contended the testimony set forth in the offer is inadmissible.

In our opinion the testimony is clearly admissible not only to show the real intent with which the Governor wrote his signature, but also to show as necessary result of his failure to approve that the bill in question had no legal existence.

What other or better testimony could have been offered than that of the Governor himself to show the intent with which he signed his name? Certainly such testimony would be admissible in the ordinary transactions of life, and unless we are prepared to say that the signature alone is conclusive proof of approval, we must admit the testimony. For from the nature of the case, the Governor, and he alone could say whether he had gone through the mental process of approving the bill. But this testimony is admissible not only because it was the *best* evidence that could be offered of a want of approval, but also because it was not an offer of parol testimony to alter, change, vary or modify the language of a law. On the contrary its effect was to show that the law never had any existence in the absence of the Governor's approval.

*Second Exception.*—At the close of the case the plaintiff offered a prayer asking the Court to declare, as matter of law, that if the bill in question had been duly passed by both Houses of the General Assembly and was duly presented to the Governor and signed by him in the presence of the proper officers, such signature was conclusive, and the bill thereby became a law of the State of Maryland, in spite of the facts and conceding the facts, first, that the Governor signed the bill by inadvertence, under a misapprehension as to what the paper being signed was and without ever having gone through the mental operation of approving said bill ; second, that the Governor erased his signature from said bill after having so signed the same, and *before said bill left the Executive Chamber in which bills were being signed.*

Of course there may be cases where a bill has been approved by mistake or misapprehension, and the point of time be-

yond which such mistake may be corrected *by the Governor* has passed. But this, as we have seen is not such a case. It is conceded here by the plaintiffs under their contention in the first exception, that the Governor erased his signature *immediately* after writing it, and under the second exception that the signature was erased before the bill left the Executive Chamber.

We are not able to agree with the contention of the plaintiff that the bill, under the testimony in this case had ever passed beyond the control or out of the custody of the Governor after he signed it. It was still in the Executive Chamber as set forth in the prayer, or as stated in the testimony, in the hands of the Secretary of State. Neither the Constitution nor the law provides for or contemplates any possession of a bill after it is signed by the Governor other than his, until he causes it to be sent to the Clerk of the Court of Appeals for record, as provided by sec. 30, Art. 3 of the Constitution.

We, therefore, have no difficulty whatever under the facts of this case in holding, that the Governor never did approve the *bill* as contemplated by the Constitution, and that the placing of his signature to the bill was absolutely null and void, in so far as it affords any evidence of his approval thereof.

This is as far as we need go in order to dispose of this case, and it follows that the order appealed from will be affirmed.

> *Order affirmed, with costs to the appellee.*

(Decided March 21st, 1905.)