# EMMA H. JESSUP et al.

## *vs.*

# THE MAYOR AND CITY COUNCIL OF·BALTIMORE.

*Statutes : duly authenticated ; parol testimony may not contradict.*

When the formalities required by law and established practice for preserving the identity of an Act of the General Assembly appear of record to have been duly observed, the proof thus afforded gives to the enactment such a degree of authenticity as to place it beyond the reach of contradictions which rest merely on parol and are subject to the infirmities and diversities of memory.                                    p. 564

Even the legislative journals do not have a probative quality, sufficient of themselves to contradict a statute duly authenticated, and are entitled to be considered, for such a purpose, only in connection with other competent proof.              p. 566

When an Act of Assembly has been duly authenticated with all the formalities provided by law, it can not be contradicted by the parol testimony of an engrossing clerk, to the effect that after the bill was engrossed he erased certain provisions merely by drawing lines through them, although it also appears that the journals of the two houses did not show any authority for any such alteration of the bill.              p. 566

*Decided October 29th, 1913.*

Appeal from the Circuit Court for Baltimore County (Duncan, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Burke, Urner, Stockbridge and Constable, JJ.

*T. Scott Offutt* (with whom was *John I. Yellott* on the brief), for the appellants.

*S. S. Field, City Solicitor,* for the appellees.

URNER, J., delivered the opinion of the Court.

Upon this appeal there is presented for the second time the contention that the measure which received executive approval as Chapter 117 of the Acts of 1912, known as the "New Condemnation Law," was not in fact passed by the General Assembly. In *Ridgely* v. *Baltimore City,* 119 Md. 567, the objection just stated was overruled and the statute as signed by the Governor and published was held to be valid and operative. The theory advanced is that the Act as enrolled and presented for the Governor's signature omitted a provision for an appeal from the final judgment of condemnation which was contained in the Act as passed by the Senate and House of Delegates. The only respect in which the present question differs from the former is in the fact that additional evidence has been offered for the purpose of proving such an omission. In the *Ridgely case* the evidence before the Court consisted of the original and the printed copy of the bill as introduced in the Senate, the bill as engrossed for its third reading in that body, with papers attached setting forth two amendments later proposed in the House and adopted by both branches, the journal entries showing the legislative history of the measure, and the enrolled copy of the Act as approved by the Governor. It appeared that the bill as engrossed for its third reading in the Senate included the provision referred to, but that this clause was subsequently stricken out by means of lines drawn through it in red ink. This action was not required by any of the amendments attached to the bill or mentioned in the journals. It was accordingly argued that the provision in question must have formed a part of the bill as passed. In disposing of the contention this Court, adopting the opinion prepared by JUDGE BURKE, in the Court below, said: "The presumption is that this provision was properly stricken out, and that it (the Act) passed the Legislature in the form shown by the enrolled and engrossed bills. This is a strong presumption, and can only be rebutted by clear and satisfactory evidence competent in law for that purpose." It was held that the

silence of the journals as to the elimination of the disputed clause was not sufficient to impeach the bill as formerly authenticated. The proposal in the present case is to prove by parol testimony that the provision was stricken from the bill by one of the engrossing clerks after its final passage.

The opinion in the *Ridgely case* stated that upon the question as to how, when and by whom the language relating to an appeal from the final judgment was eliminated from the bill no definite or satisfactory evidence had been adduced. It is the theory of the present offer that the proposed testimony would supply the deficiency of proof thus indicated. But the rule is well settled in this State that "no statute having the proper forms of authentication can be impeached or questioned upon mere parol evidence." *Berry* v. *Drum Point Railroad Co.,* 41 Md. 463; *Annapolis* v. *Harwood,* 32 Md. 479; *Ridgely* v. *Baltimore City, supra.* In referring to the absence of evidence as to the actual striking out of the provision under consideration the former opinion made no intimation whatever that such an omission could legally be supplied by parol testimony. On the contrary it distinctly declared, as already quoted, that the presumption as to the passage of the bill in the form in which it was enrolled could be rebutted only by "evidence competent in law for that purpose," and the decision gave practical application to the rule we have stated by excluding parol testimony proffered to show that the Legislature had eliminated by amendment another provision of the bill which nevertheless remained in the Act as enrolled.

When the formalities which are required by law and established practice for the very purpose of preserving the identity of an Act of the General Assembly appear of record, as in this case, to have been duly observed, the proof of verity thus afforded gives to the enactment such a high degree of authenticity as to properly place it beyond the reach of contradiction which rests merely in parol and is subject to the infirmities and diversities of human memory.

The precise question now before us was discussed and decided in *Annapolis* v. *Harwood, supra.* It was said in that case: "The appellants insist that the Act, as recorded and printed, did not contain all the provisions which it contained when it was, in fact, passed by the two Houses, and they produce a copy certified by the chief clerks of the Senate and House of Delegates respectively, to be a true copy of the Act as passed, with contents different from those above quoted, and they offer to prove that the difference was occasioned by mistake of the clerk in engrossing the same, after its final passage, preliminary to its examination by the committee on engrossed bills, and to the affixing of the great seal, signature by the Governor and recording. The Act, as printed, the appellants admit, was duly examined by the committee, sealed, signed and recorded, and the question is whether it is competent, by extrinsic evidence, to prove the contents of an Act of Assembly to be different from those set out in the copy, which has been attested in all the forms prescribed by the Constitution." After quoting the constitutional provisions as to the authentication of a statute the opinion then proceeds: "The object of these careful provisions was to guard against controversy in respect to the *contents* of laws. To attest the verity of the contents of a law all these solemnities are invoked. Not only must it be sealed with the great seal, and signed by the Governor, but it must be so signed in the presence of those officers of the two Houses who are best qualified to know whether the contents of the paper being signed are the identical contents of the law which passed their respective Houses. Then it is to be recorded, and from the Record Office is to be again certified under the great seal, printed and published. We cannot perceive on what principle the Court could be justified in going behind evidence so fully presented by the Constitution, and inquiring, on extrinsic proof, into the verity of the contents of an Act of Assembly so attested."

In *Allegany County* v. *Warfield,* 100 Md. 516, the testimony of the Governor was admitted to show that his signature

to the bill there under inquiry was attached under a misapprehension as to the identity of the Act, and was immediately erased. It was said by the Court that this proof was admissible "not only because it was the *best* evidence that could be offered of a want of approval, but also because it was not an offer of parol testimony to alter, change, vary or modify the language of a law." Upon the same principle the Governor has been permitted to testify as to the order in which bills approved the same day had been signed. *Strauss* v. *Heiss,* 48 Md. 292.

While the decisions of this Court recognize its right and duty, in passing upon a question like the present, "to receive evidence such as that furnished by the engrossed bills, with the endorsements thereon, and the journal of proceedings of the two Houses of the Legislature" (*Berry* and *Ridgely cases, supra*), the inadmissibility of parol testimony to impeach a duly authenticated statute has been clearly determined. Even the legislative journals do not of themselves have such a probative quality and are entitled to be considered only in connection with other competent proof. *Fouke* v. *Fleming,* 13 Md. 392; *Berry* v. *Drum Point R. Co., supra; Ridgely* v. *Baltimore City, supra; Baltimore Fidelity Warehouse Co.* v. *Canton Lumber Co.,* 118 Md. 139. We accordingly hold that the testimony proferred in this case was inadmissible and was properly excluded.

The record also contains exceptions relating to the selection of the jury impanelled to try the issues of fact, and to the legal sufficiency of the evidence to show that the condemning agency was unable to agree with the defendants upon a price for the land sought to be acquired, or to prove that the property was needed for the object contemplated. These objections were not pressed in the argument; and in our opinion they are not sustainable.

*Judgment affirmed, with costs and cause remanded.*