CHARLES E. O'CONNELL *v.* STATE OF MARYLAND.

[No. 48, April Term, 1930.]

*Decided June 12th, 1930.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Levin Stonebraker* and *Augustine S. Mason,* for the appellant.

*William L. Marbury, Jr., Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *Harper Ballentine, State's Attorney for Washington County,* on the brief, for the State.

Adkins, J., delivered the opinion of the Court.

Charles E. O'Connell, the appellant, was convicted of a violation in Washington County of section 247 of article 27 of the Code of Public General Laws, codification of the Act of 1898, chapter 285. He demurred to the indictment, and the demurrer was sustained as to certain counts and overruled as to others, and the conviction was on the twelfth count. Hence this appeal.

It is not necessary to set out the indictment, because our conclusion is based on the contention of the appellant that

378

the act does not apply to Washington County. The demurrer should have been sustained on that ground. The history of race track gambling in this state is fully covered by the opinion of this court written by Judge Constable in the case of *Agricultural·Society of Montgomery County v. State*, 130 Md. 474, and we need not repeat it here. The Act of 1898, chapter 285, repealed and re-enacted with amendments the Act of 1894, chapter 232, codified as section 124A of article 27. It broadened and extended the prohibitions of the previous act, and added four new sections to follow 124A, to be designated as sections 124B, 124C, 124D, 124E. The new act was codified in the Code of 1904 as sections 202-206 of article 27, the last section embracing the changes in section 124E of the act relating to number of days permitted in Baltimore and Harford Counties by the amendatory acts of 1902, chapter 572, and 1904, chapter 585, each of which repealed and re-enacted only section 124E of the Act of 1898, and exempted Cecil, Washington, and Anne Arundel Counties from its operation. The Act of 1898 is codified in the Annotated Code of 1912-1914, vol. 3, as sections 217 to 221 of article 27, and in the Code of 1924 as sections 247-251 of article 27, the last section embracing the changes in section 124E of the act as to time permitted in Baltimore and Harford. Counties by the said amendatory acts of 1902 and 1904, and an additional amendment as to time, made by the Act of 1906, chapter 127; and exempting said three counties. It will be noted that the Act of 1898 has been amended only as to section 124E; and whereas the exemption of said counties in said section as originally enacted, and as re-enacted by the Acts of 1902, 1904 and 1906, was, in each instance, from the provision of *"this Act,"* in the several codifications the exemption is from the provisions of *"this section."*

In *Close v. Southern Md. Agricultural Assn.*, 134 Md. 629, we held, in an opinion by Chief Judge Boyd, that the four sections added by the Act of 1898, and codified in the Code of 1912-1914 as sections 218-221, were unconstitu-

tional in that they imposed nonjudicial duties on the courts; but that section 217 could stand.

It is contended by the State that the legislative intent was to exempt the three counties mentioned from the provisions of the section (124E) only, and not from the provisions of the act; and for this contention reliance is placed upon the history of race track legislation in the state, and upon the language used in the several codifications. But there is no apparent reason for confining the exemption to the single section, against the express provision of the act. If the intention had been to exclude those counties from the operation of the provision in favor of agricultural fairs and driving parks, the exemption would have been from the four added sections and not from the last one alone, as all of the four sections were concerned with the same subject and were connected with each other as parts of one scheme. As to two of the counties, at least (Cecil and Anne Arundel), it was clearly the intention to exempt them from *all* the provisions of the act, because at the same session of the Legislature local laws were passed for them practically identical with section 124A, and omitting the other sections. Of course we do not know why there was not similar local legislation for Washington County. But the point is, we cannot treat the exemption as applying to one section only in the case of Washington County, and to the entire act in the case of the other two counties. The error of the codifier is easily explained. The several acts amending section 124E dealt with that section alone, and each of the amendatory acts contained the words: "Provided that this *Act* shall not apply," etc. In codifying that section as amended, it was quite natural to overlook the fact that the section originally contained the exemption applicable to the entire act as originally passed, and thus to limit the application of the exemption to the section in which the words appeared.

Appellee contends that, in any event, since the decision in *Close v. Southern Md. Agricultural Assn., supra,* section 124E (present Code, section 251) is no longer in force, and

with that out there is no exemption. We cannot accede to that view. In holding the section invalid we were dealing only with its unconstitutional provision. It was not intended to strike down the provision which exempted the three counties from the operation of the entire act. That part of the section is valid and stands as if it were all that was ever in the section. It had no inseparable connection with the invalid part. *Painter v. Mattfeldt,* 119 Md. 466. It was in fact as much a part of *every* section of the act as if it had appeared in each section.

*Judgment reversed.*

URNER, J., dissents.