HARRY D. MIGGINS *v.* MAX MALLOTT,
SHERIFF, ET AL
[No. 40, October Term, 1935.]

*Decided January 14th, 1936.*

The cause was argued before BOND, C.J., URNER, OF-
FUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Calvert K. Hartle* and *Charles Z. Heskett,* for the ap-
pellant.

*Hilary W. Gans, Deputy Attorney General,* and *Martin L. Ingram, State's Attorney for Washington County,* with whom were *Herbert R. O'Conor, Attorney General,* and *W. P. Wachter,* on the brief, for the appellees.

MITCHELL, J., delivered the opinion of the Court.

The appellant, at the time of the institution of this suit, was engaged in what is commonly termed "bookmaking," or receiving bets on horse racing in Washington County. This class of business is prohibited generally in Maryland, by section 247 of article 27 of the Code; but prior to 1935 the counties of Anne Arundel, Cecil and Washington were exempted from the provisions of the prohibitory section, the exemption being contained in a proviso of section 251. The five sections found in the Code of 1924, relating to bookmaking or wagering on the results of horse races, were originally enacted in 1898 (chapter 285) as sections 124A to 124E, inclusive, and now stand as sections 247 to 251, inclusive, of article 27. Section 247 contains the general prohibition. Sections 248 to 251 prescribe when, where, and how licenses to engage in the occupation otherwise prescribed may be obtained, sections 248 to 250 being wholly concerned therewith, and section 251, as stated, containing in addition, the exempting clause covering the three counties referred to. These licenses were to be obtained upon application to the circuit courts of the counties wherein racing was to be conducted and accompanied by wagering on the results thereof.

In 1919 the constitutionality of the licensing portion of this law was attacked, on the ground that the Legislature had no power to confer on the courts of the state the nonjudicial functions involved in granting licenses to racing associations; and this court, in *Close v. Southern Md. Agric. Assn.,* 134 Md. 629, 108 A. 209, struck down the controverted sections. The decision in the *Close* case was clarified by a later opinion in 1930, in *O'Connell v. State,* 159 Md. 376, 150 A. 735, wherein it was held that, of the four sections (sections 248-251) declared uncon-

stitutional in the earlier case, there still survived that portion of section 251 which exempted Anne Arundel, Cecil, and Washington Counties from the operation of the bookmaking statute.

At this point it may be observed that the original exemption clause stated that the provisions of "this Act" should not apply to the counties specified, while in the later codification thereof the word "section" was substituted for "Act." But in the *O'Connell* case this change of verbiage was discussed, and we held that, although a literal interpretation would confine the exemption to the provisions of section 251, wherein it was written, yet a broader construction, reading the exemptory language into the preceding sections, which dealt with the same subject-matter, was logically sound.

The law therefore, on this subject, at the beginning of 1935, consisted of section 247, outlining those activities in connection with horse racing which were generally prohibited throughout the state, and the concluding proviso of section 251, removing Anne Arundel, Cecil, and Washington counties from its operation. The Legislature in that year, by chapter 390, in terms repealed and reenacted the whole of section 251, eliminating therefrom the word "Washington"; the apparent effect of which was to leave only Anne Arundel and Cecil counties free from the restrictions contained in section 247.

The authorities of Washington County, thus construing the Act of 1935 to bring that county within the legislative ban laid down in section 247, and, the appellant anticipating criminal prosecution thereunder, a bill was filed by him in the Circuit Court for Washington County seeking an injunction restraining the sheriff and state's attorney of that county from proceeding against him for violation of section 247, upon the ground, first, that the act of 1935 was unconstitutional, and, second, that, even if constitutional, its only effect was to render section 251 inapplicable to Washington County, leaving the prior constructive exemption applicable to section 247. The chancellor ruled against these contentions, held

the act constitutional, and, denying the injunction, dismissed the bill. From this action the appeal herein is taken, bringing before us for determination the two questions just stated.

It is claimed that the Act of 1935 is unconstitutional because it purports to repeal and re-enact a section of the Code formerly nullified by this court in the *Close* case. It is true that an act once held void cannot, by process of repeal and re-enactment, be revived in whole or in part, because so much as is apparently revived would, nevertheless, still be a nullity; and, even if new and otherwise sound provisions were incorporated therein, the re-enacting statute is subject to the criticism that, as it is only good in respect to such new matter, it is, in effect, a new law, and hence should be promulgated as original legislation, rather than through the mechanism provided for amendatory legislation. But, in view of the clarification of the *Close* case by the more recent *O'Connell* case, as we have seen, section 251 was not nullified in its entirety; and, this court having held that the exempting clause survived, a logical analysis of the action of the Legislature shows that what it effectuated, in reality, by the Act of 1935, was an amendment of the exempting proviso, which left Anne Arundel and Cecil counties exempt, and struck out such exemption as to Washington County. Therefore, with respect to this phase of the question, the act in dispute is not vulnerable.

An attack is next leveled upon the body of the act because it does an affirmative thing in a negative way; in other words, it is argued that Washington County, having been exempted from the provisions of this particular law by positive declaration, can only be brought under such law by an original act, affirmative in character. It cannot be denied that the intention was to remove Washington County from the exempted political units of the state; nor could any one reading and comparing the old and new sections fail to perceive such aim. But it is contended that the new act should be fully informative of its purposes, by a reading thereof, without the neces-

sity of recourse to the supplanted law for enlightenment by comparison therewith.

Is there, then, opportunity for doubt or confusion as to the meaning and effect of the Act of 1935? Turning to the title thereof, we read: "An Act to repeal and re-enact with amendments Section 251 of Article 27 of the Annotated Code of Maryland (1924 Edition), title 'Crimes and Punishments,' sub-title 'Gaming,' to make said sub-title applicable to Washington County." This title enumerates the section and article of the Code, the title of the article, and the particular subtitle to which the amended section relates; and then, in clear, simple and unambiguous language, states the purpose of the new act "to make said sub-title applicable to Washington County." The title, therefore, in conjunction with the body of the act, brings out with resounding clarity the patent intent, purpose, and effect of the amending statute in no uncertain manner. As to this phase, then, of the appellant's contention, the Act of 1935 may not be successfully assailed.

A more serious question is presented by the argument that the Legislature cannot amend one section of a law by repealing and re-enacting another related section. Concretely, it is contended that, when the Legislature passed chapter 390 of the Acts of 1935, repealing and re-enacting section 251 of article 27, with an amendment whereby Washington County was omitted from an enumeration of the counties exempted, the totality of its effectiveness could not extend beyond section 251, because that was the only section named and set out therein, and that, if it was intended that its effect was to embrace section 247, the latter section should also have been included therein.

Can it be said, then, that the argument is a tenuous one which would carry the repercussions of the amendment in section 251 over to section 247 with such force as to leave an effective impress thereon, to the same extent as if the new act had, in terms, repealed and re-enacted both sections 247 and 251? In other words, is it always necessary, in amendatory legislation, to set out *in extenso* every section of correlative law which may be

affected thereby? It requires but brief consideration to reach a negative conclusion. The true test, in each case, is whether the new law is sufficiently explicit to put interested parties on notice that the thing intended to be done by the legislature is, in fact, accomplished.

An interesting and exhaustive examination of this question is found in *People v. Crossley*, 261 Ill. 78, 103 N.E. 537, 542, wherein the Illinois court quoted the Supreme Court of Michigan in *People v. Mahaney*, 13 Mich. 481, 484, as follows: "If whenever a new statute is passed, it is necessary that all prior statutes modified by it by implication should be re-enacted and published at length as modified, then a large portion of the whole code of laws of the state would require to be republished at every session, and parts of it several times over, until, from mere immensity of material, it would be impossible to tell what the law was. * * * This constitutional provision must receive a reasonable construction with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws."

In the case before us, what we have hereinbefore said in respect to the title of the act in question is applicable likewise to this immediate discussion. While the body of the act did not set out the language of section 247, yet that was the only section to which any exemption could apply. Furthermore, all that was left of section 251, after the *Close* and *O'Connell* cases, was a list of exempted counties; and the new act was an act to amend what was, at most, an exemption statute. There were but three counties recited in the old section as being exempted; and the amending act, by its very title, left no room for doubt as to the nature and purpose of the amendment. In reality, there were but two sections, dealing with a single subject—one, a penal section, the

other, an exemption section. The Legislature saw fit to amend the latter section.

Section 29 of article 3 of the Constitution of Maryland is as follows: "The style of all laws of this State shall be, 'Be it enacted by the General Assembly of Maryland,' and all laws shall be passed by original bill; and every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title; and no law, or section of law, shall be revived or amended by reference to its title or section only; nor shall any law be construed by reason of its title to grant powers or confer rights which are not expressly contained in the body of the Act; and it shall be the duty of the General Assembly, in amending any article or section of the Code of Laws of this State, to enact the same as the said article or section would read when amended."

As guided by the aforegoing constitutional limitation, we are of the opinion that chapter 390 of the Acts of 1935 was properly enacted. It embraced but one subject, and, as we have observed, that subject is fully described in its title; and the same subject-matter embraced in the title is expressly contained in the body of the act.

The views we have taken with respect to the constitutional questions render it unnecessary to discuss the second ground, urged by the appellant as a basis for injunction, further than to say that, having held section 247 to be now applicable to Washington County, the appellant is no longer entitled to continue in the occupation formerly permitted by the section now amended.

*Decree affirmed, with costs to the appellees.*