## SWIFT *v.* STATE

[No. 135, September Term, 1960.]

---

*Decided February 13, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*James H. Taylor,* with whom was *J. Franklyn Bourne* on the brief, for the appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, William L. Kahler, State's Attorney for Prince George's County,* and *Frank P. Flury, Assistant State's Attorney for Prince George's County,* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

Price ("Redtop") Swift (the defendant) was tried and convicted by the Circuit Court for Prince George's County sitting without a jury of an assault with intent to have carnal knowledge of a female child under the age of fourteen years. On this appeal from the judgment and sentence entered on the verdict, the defendant alleges that the trial court committed four reversible errors: (i) that he was convicted of a crime which does not exist; (ii) that he was denied a speedy trial; (iii) that a witness was allowed to testify after she had been excluded under the rule; and (iv) that the evidence was legally insufficient to justify the conviction.

In this Court, the State moved to dismiss the appeal pursuant to the provisions of Maryland Rule 830 e on the ground that the brief of the appellant was not filed within the time limited by section a of the rule. Since the power to dismiss is discretionary and the State failed to allege or show prejudice, the motion will be denied. See *Foster-Porter Enterprises v. De Mare,* 198 Md. 20, 81 A. 2d 325 (1951).

(i)

The defendant contends that the first count of the indictment under which he was tried should have been dismissed because it did not state a crime of which he could be convicted in Maryland. The indictment was drawn in the phraseology of Code (1957), Art. 27, § 12,[1] but the claim is that the statute prescribes only the penalty and does not state

---

1. Section 12 reads in pertinent part: "Every person convicted *of the crime* of an assault with intent to have carnal knowledge of a female child under the age of 14 years, * * * *shall be guilty of a felony* and shall be sentenced to confinement in the Maryland Penitentiary for not less than two or more than ten years." [Emphasis supplied.]

that the conduct therein condemned is a crime. The contention is based on the theory that since an "assault with intent" was not a crime at common law, and since the only provision in the criminal code relating to the *assault with intent* for which the defendant was prosecuted is the penalty section, there is no prescribed conduct to which the proscribed penalty could be applied. The argument is ingenious, but it is clearly without substance.

As we read the statute, originally enacted by the Acts of 1809 (Ch. 138, § 4), we think it is implicit that the very description of the crime for which the penalty was provided is in and of itself a sufficient definition of the felonious conduct that is forbidden by the statute. That this is so was clearly indicated in *Cooper v. State*, 205 Md. 162, 106 A. 2d 129 (1954), where the elements necessary to prove the crime (in the order set forth in the statute) were enumerated as: "first, the assault, without regard to the degree of violence used; second, the intent to carnally know; and third, that the age of the girl be under fourteen." This Court also recognized that there is such a crime as is proscribed by § 12 (of Art. 27), *supra*, in *Weinecke v. State*, 188 Md. 172, 52 A. 2d 73 (1947) and in *Rau v. State*, 133 Md. 613, 105 Atl. 867 (1919).

In addition to what this Court has said on other occasions —even though the rule is that criminal statutes should be strictly construed—we think that § 12 (of Art. 27), *supra*, as enacted is a reasonably clear and valid manifestation of the legislative intent to provide that an assault upon a female child under the age of fourteen with intent to carnally know her is a crime. We hold therefore that the statute, in fixing the penalty for a course of conduct minutely described therein as a crime, effectively made such forbidden conduct a felony in this State.

(ii)

There was no substantial evidence of delay in the trial and such as existed was waived. The defendant was arrested on July 6, 1959, on a warrant charging him with rape and was held without bail for the action of the Grand Jury. He waived a preliminary hearing and was indicted on September 18. On September 28 he entered a plea of not guilty by reason of

insanity and was ordered to Crownsville State Hospital on September 30 for examination. The superintendent of the hospital certified by letter under date of December 11 that the defendant was sane. On January 14, 1960, bail was set for the first time and the case was continued, over objection, for sixty days. The case was taken out of the regular assignment on March 9 when it was discovered that the Department of Mental Hygiene—not the superintendent of the hospital—should have submitted the sanity report. The case was finally tried on April 21.

Under these circumstances the defendant claims that he was denied a speedy trial, and coupled this contention with a meritless complaint that he had not been admitted to bail. Until the indictment had been returned there was at least a possibility that the defendant might be charged with a capital offense. In such case, it is settled that the allowance of bail is a matter within the sound discretion of the trial court, *Fischer v. Ball,* 212 Md. 517, 129 A. 2d 822 (1957), and there was no showing of an abuse of discretion. And, while the defendant became entitled to bail as a matter of right when he was not indicted for rape, the record shows that he neither protested the failure to afford him an opportunity to give bail, nor, which is more important, demanded a speedy trial until January 14, 1960, when his motion to dismiss the indictment was heard forthwith and denied. It is likewise apparent that the detention of the defendant for observation at Crownsville, during the two-months period following his plea of insanity, accounted for most of the delay in the trial. But even if there had been delay, the failure of the defendant to make demand for a speedy trial constituted a waiver. *Harris v. State,* 194 Md. 288, 71 A. 2d 36 (1950). See also *Kirby v. State,* 222 Md. 421, 160 A. 2d 786 (1960). Furthermore, though the defendant claims that the continuances (on January 14 and again on March 9) caused the trial to be further delayed, there was no showing that these delays were unreasonable or that he had been prejudiced thereby. In these circumstances, this later claim of delay is likewise without merit. Cf. *Reddick v. State,* 219 Md. 95, 148 A. 2d 384 (1959), *cert. den.,* 360 U. S. 930 (1959).

(iii)

The action of the trial court in admitting the testimony of a witness who failed to leave the courtroom in obedience to the order of exclusion was not reversible error. The defendant, pursuant to Rule 737, requested the exclusion of the witnesses before the trial began, but one of them, an aunt of the prosecutrix, though hearing the order remained in the courtroom throughout the trial because an investigating officer had told her she would not be called. Nevertheless, the witness was allowed to testify over the objection of the defendant. Her testimony was to the effect that when she returned to her home on the day in question after the offense had been committed, the defendant was sitting on the front porch and when asked denied he had done anything wrong. She further testified that the twelve-year old deaf and dumb girl, who was crying, came to meet her, took her hand and pointed at the defendant.

Prior to the adoption of Rule 737, *supra,* the exclusion of witnesses, though resting within the discretion of the trial court, was nevertheless reviewable by this Court and an abuse of the discretion was reversible error. *Jones v. State,* 185 Md. 481, 45 A. 2d 350 (1946). Cf. *Parker v. State,* 67 Md. 329, 10 Atl. 219 (1887). The present rule, however, changed the former rule of law in that the granting of a request to exclude witnesses is now obligatory and is no longer discretionary.[2] Since the exclusion of witnesses is obligatory when a request therefor is made, as was done in this case, the defendant contends that it was reversible error as a matter of course to allow the disobedient witness to testify. As we see it, the real question here—like the similar questions of prejudice dealt with in *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433 (1959) and *Breeding v. State,* 220 Md. 193, 151 A. 2d 743 (1959)— is whether the action of the lower court in allowing the witness to testify was prejudicial error. We think not. The testimony the witness gave—which was clearly cumulative and

2. Rule 737 provides that upon the request of a defendant or the State, the court *shall* "order that the witnesses be excluded from courtroom until called upon to testify."

added nothing of import to the material facts of which the court had been previously apprised—did no more than needlessly corroborate some of the testimony of other witnesses who had testified as to the details of the crime, including the presence of the defendant in the bedroom with the prosecuting witness where the offense was committed. Even if it was error to allow the witness to testify—a question we need not decide—the error in this instance was patently harmless.

### (iv)

The refusal of the trial court to direct a verdict of "not guilty" was proper. Two eye witnesses testified that they saw the defendant on top of the twelve-year-old girl under circumstances that would allow the trial court to infer that he was committing an assault *with the intent* charged in the indictment. Since the evidence, or proper inferences therefrom, was clearly sufficient to justify conviction, we must affirm. Rule 741 c; *Bush v. State,* 223 Md. 382, 164 A. 2d 724 (1960) ; *Hazel v. State,* 221 Md. 464, 157 A. 2d 922 (1960).

*Judgment affirmed.*