## TURNER *v.* STATE

[No. 257, September Term, 1960.]

*Decided May 3, 1961.*

The cause was submitted to HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Delverne A. Dressell,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Clayton A. Dietrich, Assistant Attorney General, Saul A. Harris* and *James W. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for appellee.

PER CURIAM.

Appellant George Turner, convicted of larceny by Judge Byrnes, sitting without a jury, claims the evidence was insufficient to justify the finding of guilt, that he was denied a speedy trial and the right to produce a witness in his behalf, his confederate in the crime who had already been convicted.

The evidence was that a saleslady, who had just finished work at a nearby department store, was waiting in a crowd at Howard and Lexington Streets for a bus when two men came up behind her, one on one side, one on the other. One pushed her and the other opened her pocketbook and took out the wallet within it. The pickpockets chose a time unfortunate for them to commit the crime. A store detective, also standing on the corner, watched the two men move up towards the bus behind the victim and saw appellant open her purse with two fingers. He ran to a radio police car which was at the curb immediately behind the bus. A policeman got out as the store detective, whom he knew, approached, and watched until the victim, who was the last to do so, entered the bus and the two larceners, who were pretending they were going to get on the bus, turned and walked south on Howard Street. He identified appellant as one of the men. The policeman stopped the two and put them against the wall with their hands up. The wallet was found three feet from where the men had been stopped.

The victim discovered her loss as soon as she got on the bus. Through the window she saw the two men with their hands in the air, and got off and recovered her wallet. Appellant was one of the two men. She recognized him as one

of the men at her side as she had entered the bus, and identified him at the police station, as well as from the stand.

The trial judge observed, with full justification we think, that rarely had he tried a case where guilt was "more open and shut." There is no merit in the contention as to the insufficiency of the evidence.

Appellant was out on bail for most of the time between his arrest and trial, a period of some thirteen months. He went to trial without making any contention as to denial of a speedy trial, and the point was waived and is not properly before us. *Martel v. State,* 221 Md. 294, 300. See also *Swift v. State,* 224 Md. 300, 305.

There is nothing in the record to indicate that appellant, who took the stand, asked for or summoned any witnesses, or that he complained about the absence of a witness. He does not suggest what he expected the other larcener to say that would have been helpful to him. Not only was the point not preserved for appeal, there is not even an allegation of prejudice.

*Judgment affirmed.*