BILES, Jr. *v.* STATE

[No. 176, September Term, 1962.]

538

*Decided February 5, 1963.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and SYBERT, JJ.

*Charles Cahn II* for appellant.

*Jacques E. Leeds, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The appellant, who was indicted in Baltimore City for armed robbery, plead guilty to the charge and was sentenced to 15 years in the Penitentiary to begin at the expiration of a 15-year sentence he was then serving for an armed robbery he had committed in Baltimore County. He appealed from the judgment and sentence last imposed, and the State moved to dismiss the appeal.

Since the appendix to the appellant's brief contains the whole of the record made in the trial court other than the report of the proceedings at the presentence hearings conducted by the court, the motion to dismiss will be denied. But because there is nothing in the record to support any of the thirteen irrelevant questions presented by appellate counsel at the request of the appellant, the judgment will be affirmed.

The plea of guilty, which, as the record discloses, was knowingly and understandingly made, was the equivalent of a conviction and evidence to prove guilt was not required. *Moyer v. State,* 225 Md. 156. Upon a plea of guilty, all that a court is required to do is enter judgment and impose sentence as on a verdict of guilty; and a judgment so entered cannot ordinarily be reviewed on appeal. *Lowe v. State,* 111 Md. 1.

A sentence is also a matter that may not ordinarily be reviewed on appeal, and this case is no exception to the rule.

See *Mitchell v. State,* 82 Md. 527. Although there had been some discussion between the court and trial counsel regarding a concurrent sentence at the preliminary presentence hearing, there was no mention of it at the final presentence hearing, and the record does not indicate or even suggest that the defendant had been promised a concurrent sentence should he plead guilty. Moreover, when the defendant was given an opportunity to personally speak to the court, he did not ask for the imposition of a concurrent sentence (which he now claims he should have been given) : the only request made was that he be sent to the Penitentiary instead of Patuxent.

*Judgment affirmed.*