COHEN *v.* STATE

[No. 259, September Term, 1963.]

64

*Decided May 12, 1964.*

*Motion for rehearing filed June 11, 1964, denied June 16, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Eugene Gressman* for appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Leonard T. Kardy* and *James J. Cromwell, State's Attorney* and *Deputy State's Attorney,* respectively, *for Montgomery County,* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

On May 17, 1962, seven indictments, containing eighteen counts, were filed in the Circuit Court for Montgomery County, charging the appellant, Sherman S. Cohen, and a co-defendant,

with obtaining money under false pretenses, embezzlement, and larceny after trust, and conspiracy to commit certain crimes. The charges against the appellant were based upon alleged misconduct with respect to The Family Savings and Home Loan Association, Inc., a Maryland corporation, which had been placed in receivership in October, 1961. The appellant, an attorney, had acted as legal counsel for the now defunct savings and loan association.

On May 21, 1962, a copy of each indictment was delivered to the appellant in open court, and bond was fixed and posted. On May 23, 1962, the other defendant was arraigned and pleaded not guilty, but the appellant asked not to be arraigned at that time because he desired to file certain motions before he pleaded, and to obtain counsel. The appellant was arraigned on May 22, 1963 (no motions having been filed by him in the meantime). At that time he orally moved in open court that the indictments be dismissed on the grounds that they rested on illegally obtained evidence, the charges were contradictory, the counts were too vague and indefinite to allege specific offenses, and on the ground that he had been deprived of his right to a speedy arraignment and trial. He also requested a bill of particulars as to all indictments. The court refused to rule on the motions at that time and ordered that they be formally presented in writing. (Maryland Rule 725 c.) After the appellant refused to plead to any of the charges, the court ordered that pleas of not guilty be entered and set trial for June 17, 1963.

On May 29, 1963, the appellant filed a written demand for a bill of particulars as to each indictment. After a hearing on June 10, 1963, the court ordered that bills of particulars be filed no later than July 1, 1963, and that the trial be postponed until July 15, 1963. The court then instructed the appellant to file any other preliminary motions "very quickly". The appellant responded by immediately filing motions to dismiss the indictments, to permit inspection of the minutes of the Grand Jury, for discovery and inspection, to compel the State to elect a theory of offenses charged under the indictments, for the return of seized property and for suppression of evidence, and to dismiss the indictments for want of prosecution.

On July 1, 1963, the State filed its answers to the demand for particulars. On July 3, 1963, the appellant filed a motion to compel more comprehensive particulars, a motion to dismiss, a motion to correct the records, and a request for reassignment of the case to another judge. At a hearing on July 8, 1963, both the motion to reassign the case (which was treated as a request for a removal) and the motion for more comprehensive particulars were denied, and the court indicated it would dispose of all other pending motions that afternoon. After a short recess the appellant's attorney stated that the appellant wished to waive a jury trial (which had previously been requested) and enter a plea of *nolo contendere* to the fifth count in case number 4939, and that if such a plea were accepted, the prosecutor had indicated that he would dismiss the remaining charges. The Assistant State's Attorney confirmed that such was the State's intention. The appellant himself stated that he wished to submit under a plea of *nolo contendere* and ask for probation without verdict. No request was made for the court to rule on the pending motions. The hearing was then adjourned so that the court could take the tendered plea of *nolo contendere* under consideration. On the next day the court announced that argument as to acceptance of the *nolo contendere* plea would be heard on July 15, 1963, the scheduled trial date. At a hearing on July 15 both the appellant and his counsel made statements requesting the court to accept the plea of *nolo contendere*. The court indicated that since the appellant's counsel had made a request for a pre-sentence investigation, one would be conducted and the court would then decide whether to accept the plea of *nolo contendere*.

On August 13, 1963, the appellant filed a motion specifically directed to count five in case number 4939 (the subject of the *nolo contendere* plea), which attempted to renew all unacted upon motions previously filed and which contained a lengthy statement requesting acceptance of the plea. Later on the same day the appellant and the State's Attorney discussed the plea with the presiding judge in chambers, as will be mentioned hereinafter. The final hearing took place on August 20, 1963. At the beginning of the proceedings there was considerable discussion as to whether the remaining charges would be dis-

missed or whether *nolle prosequis* would be entered, and it was made clear that the latter course would be followed by the State. In response to a question by the appellant, the court stated, "The record indicates that you waive a jury trial and enter a plea of *nolo contendere,* and it is just now being put down officially." After further discussion the court asked the appellant, "* * * is there anything you or your counsel would like to say before I proceed to sentence you on Criminal 4939, where you pleaded *nolo contendere* to the fifth count?" The appellant then requested a stay, which was promptly denied. The appellant thereupon asked the court to make a ruling on the effect of a plea of *nolo contendere,* but the court refused to do so. The following colloquy then took place:

> "Mr. Cohen: In the absence of a ruling, the defendant withdraws the plea of *nolo contendere* and requests the opportunity for trial.
>
> "The Court: * * * In the Court's judgment you have attempted to spar with the Court now, and last Tuesday [August 13, 1963] you appeared before me with the State's Attorney, and at that time you asked me about this matter of *nolo contendere* and I explained it to you in chambers, although I was confident that you knew full well what we were talking about, but at that time I had told you I had decided to accept your plea of *nolo contendere,* so that is going to be the first docket entry this morning. I am accepting your plea of *nolo contendere,* as I indicated to you last Tuesday."

Argument ensued which led the court to state:

> "Let the record show that Mr. Cohen's counsel has advised the Court that at this time he wishes to withdraw his plea of *nolo contendere,* and the Court, having already indicated that this plea had been accepted, this motion will be denied."

The court then heard statements as to sentencing, refused a request for probation, and sentenced the appellant to five years in the Maryland Penitentiary. From that judgment, this appeal was taken.

The appellant makes the following contentions: (1) he has a right to appeal and raise questions relating to the propriety of the lower court's refusal to let him withdraw the *nolo contendere* plea, "as well as other procedural errors"; (2) the lower court improperly refused to allow withdrawal of the *nolo contendere* plea; (3) the lower court erred in accepting the plea without resolving certain pending motions; (4) the indictment underlying the judgment and the statute upon which it was based, failed to provide adequate notice of the crime charged; (5) he was denied a speedy arraignment and trial; and (6) the case should have been assigned to another judge.

The first contention brings up the question as to what issues are subject to review on appeal from a judgment entered upon a plea of *nolo contendere*. The State concedes that the appellant had the right to appeal in order to challenge the validity of the underlying indictment, or to question whether or not the trial judge abused his discretion in refusing to permit the appellant to withdraw his plea of *nolo contendere*. The appellant maintains, however, that he may also challenge on appeal "other procedural errors", *i.e.,* whether the lower court erred in imposing sentence before ruling on the six motions which he originally filed on June 10, 1963; whether he was denied a speedy arraignment and trial; and whether the lower court should have assigned the proceedings to another judge in response to the appellant's claim of prejudice.

The right of review is not so broad as the appellant contends. By pleading *nolo contendere,* he waived his right to object to the alleged procedural defects and his right to have them considered on appeal. The rule is stated in 22 C.J.S., *Criminal Law,* Sec. 425 (4), p. 1208:

> "As in the case of the plea of guilty, * * * a plea of nolo contendere waives all defenses other than that the indictment charges no offense, and the right to trial and incidental rights. The plea also waives all formal or nonjurisdictional defects or irregularities in the indictment or information or in prior proceedings * * *. Except under extraordinary circumstances, the plea of nolo contendere leaves open for review only the sufficiency of the indictment."

The waiver rule is similarly stated in Anno. 89 A.L.R. 2d 540, 589:

> "By pleading nolo contendere, the defendant thereby waives all formal defects in the proceedings of which he could have availed himself by a plea to the merits, a plea in abatement, a demurrer, or a motion to quash, and also his rights to go to trial. The reason for this rule is that since under a plea of nolo contendere the allegations of the indictment stand as impliedly admitted, no issue of law or fact is raised * * *."

See also *Brotherhood of Carpenters v. U. S.,* 330 U. S. 395, 91 L.Ed. 973 (1947) ; *Tseung Chu v. Cornell,* 247 F. 2d 929 (C.A.9, 1957), cert. den. 355 U. S. 892, 2 L.Ed. 2d 190 (1957) ; *Crolich v. U. S.,* 196 F. 2d 879 (C.A.5, 1952), cert. den. 344 U. S. 830, 97 L.Ed. 646 (1952).

Maryland has long recognized that when a person pleads guilty, the judgment entered on the plea cannot ordinarily be reviewed on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect, and the judgment properly entered. *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909) ; *Biles, Jr. v. State,* 230 Md. 537, 187 A. 2d 850 (1963). This Court has stated that the effect of a plea of guilty is to waive proof of any facts alleged in the indictment, but not objection to the indictment on the ground that the facts alleged did not constitute an indictable offense, nor objections relating to the jurisdiction of the court to try the defendant. *Miggins v. State,* 170 Md. 454, 184 Atl. 911 (1936) ; cf. Maryland Rule 725 b. These cases, though involving pleas of guilty, are analogous to the present case wherein a *nolo contendere* plea was entered, since a "plea of nolo contendere is an implied confession of guilt, and for the purposes of the case is equivalent to a plea of guilty." *United States v. Reisfeld,* 188 F. Supp. 631 (D. C. Md., 1960). See also Anno. 89 A.L.R. 2d 540, 579.

We therefore hold that while the appellant is entitled on this appeal to challenge the validity of the indictment under which he was sentenced, and to question whether or not there was an

abuse of discretion in the trial judge's refusal to allow the appellant to withdraw his plea of *nolo contendere,* he has waived his right to raise the other issues which he has attempted to present to this Court. While the appellant argues that some of the matters which we now hold to have been waived (such as a right to a speedy arraignment and trial) involve constitutional rights that "may have been submerged and denied", it has often been stated that even a constitutional right may be waived. *Turner v. State,* 225 Md. 239, 169 A. 2d 926 (1961) ; *Swift v. State,* 224 Md. 300, 167 A. 2d 762 (1961) ; *Martel v. State,* 221 Md. 294, 157 A. 2d 437 (1960). Thus, the only questions properly before us for review in the present case are : whether the lower court erred in refusing to permit or recognize the appellant's withdrawal of his *nolo contendere* plea; whether the indictment underlying the judgment below, as well as the statute upon which it was based, failed to provide sufficient notice of the crime charged; and, whether the plea was voluntarily and freely made with a full knowledge of its nature.

We think the lower court did not err in refusing to permit the appellant to withdraw his plea of *nolo contendere.* The appellant argues that he withdrew the plea before it was accepted by the lower court, and that therefore "appellant had an absolute right, and for whatever reason he saw fit, to withdraw his *nolo contendere* plea and to have that withdrawal respected." Whether or not a defendant has an absolute right to withdraw a plea of *nolo contendere* before it is accepted by the court, need not be decided in the present case since it is plain that the lower court had accepted the plea, and informed the appellant of that fact, before the attempted withdrawal. The portions of the colloquy previously quoted make it obvious that the attempted withdrawal, though prior to sentencing, came after acceptance by the court. This is particularly borne out by the statement of the court, made prior to the attempted withdrawal, wherein the appellant was asked, "* * * is there anything you or your counsel would like to say before I proceed to sentence you on Criminal 4939, where you pleaded *nolo contendere* to the fifth count?" After a plea of *nolo contendere* is accepted by the court, all that remains is to sentence the defendant. Rule 723. No formal acceptance of a plea of *nolo contendere* is necessary.

As stated in 152 A.L.R. 253, at 267-268: "As a general rule, no formal acceptance of the plea by the court is required. The fact that the court passed sentence after the accused pleaded nolo contendere clearly imports that the plea has been accepted." We believe that if passing sentence "clearly imports" acceptance, then an announcement by the court that it is ready to pass sentence, just as clearly indicates an acceptance of the plea. See also comment, 51 Yale L.J. 1255. Therefore, even if we overlook the fact that the court stated that it had told the appellant in chambers on August 13, 1963, that it would accept the plea, we think the statements of the court during the preliminary phases of the hearing on August 20, 1963, constituted an acceptance of the plea before its attempted withdrawal, even though the clerk had not yet made a docket entry to that effect.

There is ample authority for the proposition that after a plea of *nolo contendere* has been accepted by the court, it is within the court's discretion whether or not to allow the plea to be withdrawn. Anno., 89 A.L.R. 2d 540, 571; Anno., 152 A.L.R. 253, 271. The appellant argues that prior to sentencing, leave to withdraw should be freely allowed, citing *Poole v. United States*, 250 F. 2d 396 (C.A. D.C. 1957), and *Gearhart v. United States*, 272 F. 2d 499 (C.A. D.C. 1959). However, the federal procedure is governed by Rule 32(d) of the Federal Rules of Criminal Procedure [1], which expressly provides that motions to withdraw pleas of *nolo contendere* may be made "before sentence is imposed or imposition of sentence is suspended". Our Rule 723, governing pleas of *nolo contendere,* contains no such provision and we adhere to the general rule that after a plea of *nolo contendere* has been accepted it is within the court's discretion whether or not to permit its withdrawal. The appellant in the present case has made no showing that there was an abuse of discretion by the lower court in refusing to allow the withdrawal of the plea. As the trial judge classified

---

1. Fed. R. Crim. Proced., 32(d): "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

the attempted withdrawal, the appellant was merely attempting to "spar" with the court. Actually, it was to the appellant's advantage to have the plea accepted since the other charges were then dropped and there would be no verdict of guilty in his record. Rule 723 c.

The appellant also contends that count five of Indictment No. 4939, to which the *nolo contendere* plea was entered, as well as the statute upon which it was formulated, failed to provide adequate notice of the crime alleged, as required by the due process clause of the Fourteenth Amendment, in that the indictment did not identify the money or property which was the object of the conspiracy, or state its ownership, amount, or form. Count five charged that the defendants and certain other persons unknown conspired "* * * by means of divers false pretenses and representations and other false, subtle means and devices, to fraudulently and deceitfully obtain and acquire unto themselves certain monies and funds, the property in the custody of The Family Savings and Home Loan Association, Inc., a Maryland corporation, * * *". The count was drawn in accordance with the short formula for conspiracy indictments prescribed by Code (1957), Art. 27, Sec. 40. In the recent case of *Pearlman v. State*, 232 Md. 251, 192 A. 2d 767 (1963), in which the indictment was similar to the one now before us, we sustained a conspiracy indictment which used the formula set forth in Art. 27, Sec. 40, as against the claim that it did not inform the defendants of the charge against them, stating (at p. 257 of 232 Md.) that "* * * the formula for a conspiracy indictment set forth in * * * Art. 27, sec. 40, requires only a brief statement of the 'object of the conspiracy.' "

It is obvious that the offense charged in count five was the conspiracy itself, *i.e.*, the unlawful agreement to mulct (in the future) the corporation of funds in its custody, and no overt act was charged or intended to be charged. As was pointed out by Chief Judge Markell for the Court in the case of *Hurwitz v. State*, 200 Md. 578, 583, et seq., 92 A. 2d 575 (1952), where the Maryland cases dealing with conspiracy, beginning with *State v. Buchanan*, 5 H. & J. 317 (1821), were reviewed, the crime is complete in the conspiracy, without any overt act. Thus, the amount or form of the funds *to be taken* in overt action

resulting from the unlawful agreement would seem to relate only to the means by which the conspiracy was intended to be accomplished, and such items, while proper matters of evidence in proving the charge, need not be alleged in the indictment. *Piracci v. State,* 207 Md. 499, 516, 115 A. 2d 262 (1955). As to the matter of ownership of the funds, we recently pointed out in the case of *Flannigan v. State,* 232 Md. 13, 17, 191 A. 2d 591 (1963), that this Court had held in *Richardson v. State,* 221 Md. 85, 88, 156 A. 2d 436 (1959), that in a prosecution for larceny "* * * an allegation of the ownership of stolen goods is supported by proof of any legal interest or special property in the goods, as, for instance, where the person named in the indictment is in lawful possession as a bailee or common carrier." In *Flannigan,* we concluded that reason and authority supported a similar holding with reference to false pretenses, and we think the same rationale is applicable here. In the instant case, the savings and loan association was in lawful possession of the funds, and at least had a legal interest therein. Cf. *Meagher v. United States,* 36 F. 2d 156 (C.A.9, 1929). The test to be applied on appeal in determining the sufficiency of an indictment where there has been a plea of guilty or of *nolo contendere* is the same as that which we stated in *Putnam v. State,* 234 Md. 537, 200 A. 2d 59, as to the reviewability on appeal of alleged defects in an indictment not raised in the trial court, that is whether the indictment fails to state any offense at all, or states an offense, but does so defectively. Thus, even if count five might be considered defective in some of its allegations, we think it alleged the essence of the conspiracy with which the appellant was charged and therefore afforded him adequate notice.

The argument that Art. 27, Sec. 40, is itself unconstitutional in that it does not require that there be adequate notice of the criminal charge, was answered by the *Pearlman* case, *supra,* wherein it was stated (at p. 258 of 232 Md.) that such statutes "* * * are generally upheld on the ground that the right of the defendant to demand the particulars of the accusation protects him against injury." Cf. *Kelly v. State,* 181 Md. 642, 647, 31 A. 2d 614 (1943); *Neusbaum v. State,* 156 Md. 149, 157, 143 Atl. 872 (1928).

Lastly, the appellant suggests that he did not fully understand the nature of the plea of *nolo contendere* prior to its acceptance by the court. Since the appellant was himself an attorney and was represented by competent counsel, and since the lower court stated that it had informed the appellant of the consequences of such a plea prior to its acceptance, we find no force to the appellant's assertion of lack of understanding. See *Gladden v. State,* 227 Md. 266, 176 A. 2d 219 (1961).

Since we find no error with respect to the issues properly before us, the judgment appealed from will be affirmed.

> *Judgment affirmed; appellant to pay the costs.*