FREDERICK A. GOETZKE, JR. *v.* WARDEN, MARYLAND PENITENTIARY

[No. 26, Initial Term, 1967.]

4

*Decided February 2, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal under the Uniform Post Conviction Procedure Act from an order of June 2, 1966, of Judge John E. Raine, Jr., sitting in the Circuit Court for Baltimore County, dismissing a petition for post conviction relief.

The application for leave to appeal fails to contain a statement of the reasons why the order should be reversed or modified as required by Maryland Rule BK 46 b and could be denied for this reason.

In his petition, applicant gives the following grounds of alleged error:

1) That he was illegally arrested
2) That the admissibility of a confession made while being held incommunicado and without benefit of counsel violates his rights guaranteed him under the Constitution of the United States
3) That the evidence used against him was insufficient to support a verdict of guilty
4) That the court was without authority to render a verdict under a plea of nolo contendere.

Applicant pleaded nolo contendere on June 13, 1958, in the Circuit Court for Baltimore County before Judge W. Albert Menchine on a charge of unlawful burning of a drug store. He was represented by counsel of his own choice and there is no allegation that he did not receive competent legal representation. A verdict of guilty was entered and on July 30, 1958, he was sentenced to seven years in the Maryland Penitentiary, sentence suspended and he was placed on seven years probation. Subsequently, he was charged with violation of probation as a result of conviction on four housebreaking offenses,

which cases are not under attack, and on April 10, 1959, probation was revoked and the confinement sentence in the Maryland Penitentiary was imposed.

Although applicant does not allege in his petition that he did not understand the nature and consequences of the plea of nolo contendere, the question was apparently raised at the hearing before Judge Raine. The transcript of the proceedings makes it clear that counsel had explained to applicant the nature of the plea, applicant testified fully and freely as to exactly what happened on the night of the offense and that as a matter of strategy he threw himself on the mercy of the court when the plea was entered hoping that confinement sentence would be avoided. The strategy was successful. Judge Raine found that the plea was freely and voluntarily made with full understanding of its nature and effect and the record clearly supports this finding.

The Court of Appeals has held, in *Cohen v. State,* 235 Md. 62, p. 69, 200 A. 2d 368, cert. den. 85 S. Ct. 84, 379 U. S. 844, 13 L. Ed. 2d 49,

> "Maryland has long recognized that when a person pleads guilty, the judgment entered on the plea cannot ordinarily be reviewed on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect, and the judgment properly entered. *Lowe v. State,* 111 Md. 1, 73 Atl. 637 (1909); *Biles, Jr. v. State,* 230 Md. 537, 187 A. 2d 850 (1963). This Court has stated that the effect of a plea of guilty is to waive proof of any facts alleged in the indictment, but not objection to the indictment on the ground that the facts alleged did not constitute an indictable offense, nor objections relating to the jurisdiction of the court to try the defendant. *Miggins v. State,* 170 Md. 454, 184 Atl. 911 (1936); cf. Maryland Rule 725 b. These cases, though involving pleas of guilty, are analogous to the present case wherein a *nolo contendere* plea was entered, since a 'plea of nolo contendere is an implied confession of guilt, and for the purposes of the case is equivalent to

a plea of guilty.' *United States v. Reisfeld,* 188 F. Supp. 631 (D. C. Md., 1960). See also Anno. 89 A.L.R. 2d 540, 579."

The Court further said, page 70,

"While the appellant argues that some of the matters which we now hold to have been waived (such as a right to a speedy arraignment and trial) involve constitutional rights that 'may have been submerged and denied,' it has often been stated that even a constitutional right may be waived. *Turner v. State,* 225 Md. 239, 169 A. 2d 926 (1961); *Swift v. State,* 224 Md. 300, 167 A. 2d 762 (1961); *Martel v. State,* 221 Md. 294, 157 A. 2d 437 (1960)."

See also *Lifshutz v. State,* 236 Md. 428, 204 A. 2d 541, cert. denied 85 S. Ct. 1087, 380 U. S. 953, 13 L. Ed. 2d 971; *Frazier v. Warden,* 243 Md. 676 (1966).

There is no reason to determine if the first, second and third allegations of error afford proper grounds for post conviction relief, since by pleading nolo contendere, equivalent to a plea of guilty, applicant waived all procedural objections, constitutional or otherwise. *Ogle v. Warden,* 236 Md. 425, 204 A. 2d 179 (1964).

With regard to the fourth allegation of error, the record clearly shows that the lower court by its action, consented to the entry of a plea of nolo contendere as required by Maryland Rule 723 a. However, the lower court was without authority to find a verdict of guilty under a plea of nolo contendere. (Maryland Rule 723 c). The entering of the guilty verdict does not affect the determination and imposition of sentence. The guilty verdict was stricken from the record on June 3, 1966, and no injustice was done to appellant and no constitutional right was infringed. *U. S. v. Reisfeld,* 188 F. Supp. 631 (D. C. Md. 1960); *Frazier v. Warden, supra.*

*Application denied.*