*Dion Guthrie v. Patrick Vincenti*, No. 2203, September Term, 2024.
Opinion by Zic, J.

**SUMMARY JUDGMENT — STANDARD OF REVIEW**
Maryland appellate courts review a circuit court's grant of summary judgment *de novo*, viewing the record in the light most favorable to the nonmoving party and construing reasonable inferences against the moving party.

**NOLO CONTENDERE PLEA — ACCEPTANCE**
A nolo contendere plea requires the court's consent. Before acceptance, the court must determine that a factual basis supports the plea, and that the plea is voluntary and knowing. Upon acceptance, the court proceeds to disposition as on a guilty plea but without entering a guilty verdict. No formal acceptance is necessary. If the court refuses acceptance, it must call upon the defendant to plead anew.

**PROBATION BEFORE JUDGMENT — STATUTORY FRAMEWORK**
When a defendant pleads guilty or nolo contendere or is found guilty, the court may stay entry of judgment and place the defendant on probation before judgment with written consent.

**MARYLAND CONSTITUTION, ARTICLE XV, SECTION 2 — REMOVAL BY OPERATION OF LAW**
Following the 2012 amendment, Article XV, Section 2 of the Maryland Constitution mandates automatic removal from elected office upon entry and acceptance of nolo contendere pleas for qualifying crimes. Therefore, a county council president's notification does not effectuate removal.

.

Circuit Court for Harford County
Case No. C-12-CV-24-001029

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 2203

September Term, 2024

_____

DION GUTHRIE

v.

PATRICK VINCENTI

_____

Shaw,
Zic,
Sharer, J. Frederick
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Zic, J.

_____

Filed: May 6, 2026

\* Leahy, Andrea, J. and Friedman, Daniel, J. did not participate in the Court's decision to designate this opinion for publication pursuant to Md. Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

This case arises from a complaint filed by Dion Guthrie, appellant, against Patrick Vincenti, appellee, in the Circuit Court for Harford County. Mr. Guthrie's complaint sought declaratory and injunctive relief for his allegedly wrongful removal from the Harford County Council ("Council") following criminal plea proceedings in the Circuit Court for Baltimore County. Mr. Vincenti, who is the Council's president, moved for summary judgment. The court granted his motion.

Mr. Guthrie timely appealed and presented one question for our review, which we have rephrased:[1] Did the circuit court err in granting summary judgment? For the following reasons, we affirm.

## BACKGROUND

### *Baltimore County Proceedings*

In October 2024, the State's Attorney for Baltimore County charged Mr. Guthrie with felony theft in connection with the misappropriation of funds from a local union for which he had served as president. Mr. Guthrie was represented by counsel throughout the Baltimore County proceedings.

---

[1] Mr. Guthrie phrased the question as follows:

> Did the Harford County [c]ircuit [c]ourt err in holding that
> Councilman Guthrie entered a plea of nolo contendere, and
> was thus removed from office by operation of law, when the
> Baltimore County [c]ircuit [c]ourt that presided over
> Councilman Guthrie's plea stated unequivocally on the record
> that it had decided to "strike" the "plea of nolo contendere"
> and therefore no such plea was ever entered?

On November 14, 2024, Mr. Guthrie appeared before Judge Dennis M. Robinson, Jr., for a plea hearing. The State indicated at the outset that it anticipated a guilty plea, but noted that it "also underst[ood] [Mr. Guthrie] want[ed] to plead by way of nolo contendere." Defense counsel confirmed the conditions of the nolo contendere plea. Judge Robinson confirmed that Mr. Guthrie intended to enter a nolo contendere or *Alford* plea.[2]

Judge Robinson then asked Mr. Guthrie whether he understood and accepted the plea agreement, which included an admission of facts later found to be sufficient to establish guilt. Mr. Guthrie responded affirmatively. Judge Robinson confirmed that Mr. Guthrie had reviewed the waiver of rights form with his attorney, that all his questions had been answered, and that he had received satisfactory legal representation. Mr. Guthrie affirmed his "full understanding" of the rights he was waiving "by entering into this plea."

After allocution, Judge Robinson asked Mr. Guthrie whether he "still wish[ed] to enter the plea today[.]" Mr. Guthrie replied affirmatively, "Yes. Yes. Yes, Your Honor." Judge Robinson found the plea to be "knowing, voluntary and intelligent," and that Mr. Guthrie had a "full understanding of . . . the possible consequences." Mr. Guthrie's defense counsel then sought confirmation from Judge Robinson:

> [DEFENSE COUNSEL]: And, Your Honor, it is my understanding that you're accepting a nolo contendere plea.
> [JUDGE ROBINSON]: I am.
> [DEFENSE COUNSEL]: Yes. Thank you.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

The State then presented facts establishing that Mr. Guthrie had misappropriated union funds. Judge Robinson found those facts "sufficient to support the plea"; "found beyond a reasonable doubt that [Mr. Guthrie] [was] guilty"; and entered a guilty verdict on the felony theft count. Extensive mitigation followed. During allocution, Mr. Guthrie stated, among other things: "I'm taking responsibility" for the misappropriations of union money; "[t]he hit is on me"; and "I'm responsible."

After considering the mitigation—including Mr. Guthrie's age (86 years), health, absence of a prior criminal record, and prior payment of full restitution, Judge Robinson stated:

> [JUDGE ROBINSON]: The facts and the circumstances of this case are certainly serious and troubling. . . . I'm going to strike the guilty plea -- or strike the plea, the nolo contendere plea. I'm going to strike the guilty verdict and I'm going to grant [Mr. Guthrie] a [p]robation [b]efore [j]udgment. . . .
>
> I'm placing [Mr. Guthrie] on a period of one year unsupervised probation[.]

Judge Robinson then advised Mr. Guthrie of his post-hearing rights:

> You have 10 days[3] to ask me to withdraw *this plea*. If that's something you decide to do, it must be done in writing and filed with the Clerk's Office.
>
> Ordinarily you would have a right to either appeal or file permission to seek an appeal but in this case *because I have stricken the guilty verdict* there's nothing from which to

---

[3] We note that Maryland Rule 4-242(i) provides that, "[a]fter the imposition of sentence, on motion of a defendant *filed within ten days*, the court may set aside the judgment and permit the defendant to withdraw *a plea of guilty, a conditional plea of guilty, or a plea of nolo contendere*[.]" (Emphases added.) Mr. Guthrie makes no argument that he entered a plea of guilty or a conditional plea of guilty to have warranted Judge Robinson's provision of such post-hearing instructions.

> appeal and in order to accept a probation before judgment you have to give up your right to appeal.

> * * *

> Finally, you have 90 days to ask me to reduce, modify or strike the sentence. If you decide to do that for some reason it must be filed in writing with the Clerk's Office within that time period.

(Emphases added). When asked by Judge Robinson whether he would "accept" the waiver of his right to appeal in exchange for a sentence of probation before judgment, Mr. Guthrie responded, "yes" and confirmed that he understood his "post trial" rights. The proceedings then concluded.

Mr. Guthrie also signed a "Guilty Plea Waiver of Rights" form, which had been modified to explicitly state that he was entering a "plea of nolo contendere":[4]

> ____ I know that I am giving up many rights by entering a plea of guilty, including: *NOLO CONTENDERE*

Both Mr. Guthrie and Judge Robinson signed an "Unsupervised Probation Order" stating that the sentence was imposed pursuant to § 6-220 of the Criminal Procedure Article ("CP") of the Maryland Code.[5] Mr. Guthrie did not object to the Baltimore County proceedings, file a post-trial challenge, or seek to withdraw his plea within the ten-day period.

---

[4] Although Mr. Guthrie did not provide his initials alongside the general statement depicted here, each individual right following this general statement was checked off.

[5] Further citations to this statute refer to CP § 6-220 (2001, 2018 Repl. Vol., 2024 Supp.).

4

*Notification of Removal and the Harford County Proceedings*

On November 14, 2024, Council Attorney Meaghan Alegi informed Mr. Guthrie by letter that, due to his entry of a nolo contendere plea to a felony charge in the Baltimore County criminal proceedings, he had been removed from his elected office by operation of law, pursuant to Article XV, Section 2 of the Maryland Constitution.

Mr. Guthrie subsequently filed a complaint in the Circuit Court for Harford County seeking declaratory judgment and injunctive relief, accompanied by a motion for a temporary restraining order ("TRO"). Specifically, Mr. Guthrie sought to restrain Mr. Vincenti from "making any further false statements that [Mr. Guthrie] had been removed from office by operation of law and from taking any further steps to interfere with Mr. Guthrie's performance of his duties as a Council member." Mr. Guthrie did not request a hearing on his TRO motion. On December 2, 2024, Judge Yolanda L. Curtin, presiding, ordered Mr. Guthrie to produce the complete Baltimore County plea transcript, which she determined was "necessary . . . to determine if [Mr. Guthrie] is entitled to the relief sought[.]"

On December 4, 2024, Judge Curtin issued a comprehensive memorandum opinion and order denying the first TRO motion. Judge Curtin determined that "[Mr.] Guthrie's argument that he did not enter into a plea of nolo contendere because Judge Robinson did not consent to the plea[] lacks support and is contrary to the complete transcript and the waiver of rights form." She specifically found that:

> [A]t one point Judge Robinson stated that he is striking the plea, but this [c]ourt does not read in isolation a few words stated by Judge Robinson. In looking at the totality of the

5

transcript and the fact that Judge Robinson placed [Mr.] Guthrie on probation, which could not happen unless a defendant in a criminal case is found guilty, pleads guilty, or pleads nolo contendere, Judge Robinson's statements do appear to be, as described by [Mr.] Vincenti, a slip of the tongue, rather than an intent by Judge Robinson to reject [Mr.] Guthrie's nolo contendere plea.

Judge Curtin further determined:

[I]n reviewing the entire transcript, this [c]ourt finds that Judge Robinson's statements of striking the plea had absolutely no legal consequence, nor do the statements change the fact that [Mr.] Guthrie tendered a nolo contendere plea to a felony charge, which was accepted by the judge. As such, this [c]ourt does not have the legal authority to change what is required by Maryland Constitution under Article XV, Section 2 – by operation of law, once [Mr.] Guthrie entered a nolo contendere plea, [Mr.] Guthrie was automatically removed from his elected position.

Mr. Guthrie then filed a motion for preliminary injunction, which "raise[d] similar arguments as previously raised in [his prior] TRO request, . . . [] assert[ed] . . . for the first time that [he] did not knowingly and voluntarily enter into a nolo contendere plea[,]" and requested a hearing.[6] Before Judge Curtin ruled on this motion, Mr. Guthrie filed a second TRO motion seeking to prevent the appointment of a successor to his Council seat.[7] On January 3, 2025, Judge Curtin denied the second TRO motion, reasoning that it "raise[d] the same arguments previously raised[.]" In response to Mr. Guthrie's filings, Mr. Vincenti filed a motion to dismiss for failure to state a claim, or, in the alternative,

_____

[6] This motion specifically sought "to enjoin [Mr. Vincenti] from any further interference with [Mr. Guthrie's] exercise of his official duties" and an award of back pay for the time in which Mr. Guthrie was not serving on the Council.

[7] Mr. Guthrie's seat on the Council has since been filled by an appointed member of his party.

for summary judgment, with request for declaration ("Motion for Summary Judgment"). Mr. Vincenti previously filed a motion to stay pending mandatory notice to the state and to dismiss for nonjoinder of indispensable party or parties,[8] in addition to a cross-motion in limine raising various objections. Pending disposition of the Motion for Summary Judgment, Judge Curtin reserved ruling on Mr. Guthrie's motion for preliminary injunction and Mr. Vincenti's other outstanding motions.

### The Summary Judgment Hearing

On January 14, 2025, Judge Curtin held a hearing on the Motion for Summary Judgment. Mr. Vincenti's counsel argued that no genuine dispute of material fact existed regarding entry of the nolo contendere plea, pointing to: (1) Mr. Guthrie's repeated affirmative statements on the record before the Circuit Court for Baltimore County; (2) defense counsel's direct request for confirmation of Judge Robinson's acceptance of the plea and Judge Robinson's unequivocal response, "I am"; and (3) the certified probation order and signed waiver of rights form. Mr. Vincenti's counsel further argued that, even if the plea had been stricken, the Maryland Constitution does not contemplate a subsequent striking of the plea as nullifying removal from office.

---

[8] Mr. Vincenti argued before the circuit court that the Council, as well as Mr. Guthrie's successor, were indispensable parties. Whether Mr. Guthrie "failed to join indispensable parties" is not an issue in the instant appeal, as Mr. Vincenti acknowledges that the circuit court did not rule on this issue. *See Oxley v. Frederick Mem'l Hosp.*, 268 Md. App. 575, 594 (2026) ("Our ruling is limited to the grounds on which the circuit court granted summary judgment[.]") (citation omitted).

Mr. Guthrie's counsel repeatedly argued that probation before judgment was "not a sentence" and that Judge Robinson had refused to consent to the nolo contendere plea. In response, Judge Curtin queried:

> [JUDGE CURTIN]: Let me go with your theory here. There's no plea, then what is the authority of the judge to grant a [p]robation [b]efore [j]udgment and put your client on unsupervised probation? Where does that authority come from?
>
> [MR. GUTHRIE'S COUNSEL]: There are alternatives to sentencing. One of them is [probation before judgment], as the [c]ourt understands that that is not a sentence, and it is a (unintelligible) to itself.
>
> [JUDGE CURTIN]: But there has to be a plea for that to happen. There has to be a plea of something, whether it's a not guilty plea, whether it's a trial and the person is found guilty and the judge later on decides to give a [p]robation [b]efore [j]udgment, whether it's a nolo contendere, whether it's even an [Alford] plea. There has to be a plea. There can't be a plea that disappears and then, all of a sudden, a person is given [p]robation [b]efore [j]udgment.

In response to the contention that no plea was entered, Judge Curtin explained that "[u]nder [Mr. Guthrie's] theory, . . . it would be as if th[e] [Baltimore County criminal] case stays in limbo and [Mr. Guthrie] gets the benefit of no prosecution, but yet the benefit of [] [p]robation [b]efore [j]udgment in a case coming to conclusion[.] [That theory] just does not make sense to the [c]ourt."

### *Judge Curtin's Opinion, Order, and Declaratory Judgment*

Following the hearing, Judge Curtin granted summary judgment and dismissed Mr. Guthrie's complaint and motion for preliminary injunction with prejudice. In her oral ruling, Judge Curtin stated:

8

> This [c]ourt is not convinced by the argument that procedurally there has to be some order that is applied in the court, in order to allow [Article XV, Section 2] of the Constitution to kick in. It is automatic by operation of law, and once that plea was entered into and that proceeding is before the circuit court, came to a conclusion, it is in this [c]ourt's view that by operation of law, Maryland Constitution, Article [XV], Section 2, applies, and Mr. Guthrie was officially removed from office.
>
> The [c]ourt finds that it was not any conduct as a result of [Mr. Vincenti] in this particular case, that simply notifying [Mr. Guthrie] was not the act that [Mr. Vincenti] took on his own to remove [Mr. Guthrie], but that it was by operation of law.
>
> So for those reasons, the [c]ourt does find that the [m]otion for [s]ummary [] [j]udgment as requested by [Mr. Vincenti] is granted. The [c]ourt finds that there are no material facts in dispute here and that . . . [Mr. Vincenti] is entitled to [judgment as a matter of law] by the wording of the Constitution.

In her order and declaratory judgment, Judge Curtin "**DECLARED,** that on November 14, 2024, [] [Mr.] Guthrie, while an elected official with the Harford County Council, entered a nolo contendere plea to the charge of felony theft in Baltimore County[.]" Judge Curtin further declared that Mr. Guthrie was automatically removed from his elective office and his Council seat on November 14, 2024, "as a result of [his] entry of a nolo contendere plea in the Baltimore County [c]ase . . . to a felony theft charge[.]" On January 28, 2025, Mr. Guthrie filed a petition for writ of certiorari, which the Supreme Court of Maryland later denied. *Guthrie v. Vincenti*, 490 Md. 138 (2025).

## STANDARD OF REVIEW

Maryland appellate courts "review [a] circuit court's grant of summary judgment *de novo*." *Bd. of Cnty. Comm'rs of St. Mary's Cnty. v. Aiken*, 483 Md. 590, 616 (2023)

9

(internal quotation marks and citation omitted). "In reviewing a grant of summary judgment, we independently review the record in the light most favorable to the nonmoving party and construe reasonable inferences against the moving party." *Wadsworth v. Sharma*, 479 Md. 606, 616 (2022) (citation omitted). "[W]hile a court must resolve all inferences in favor of the party opposing summary judgment, those inferences must be reasonable ones." *Crickenberger v. Hyundai Motor America*, 404 Md. 37, 45 (2008) (quotations and internal quotation marks omitted). "We do not endeavor to resolve factual disputes, but merely determine whether they exist and are sufficiently material to be tried." *Gambrill v. Bd. of Educ. of Dorchester Cnty.*, 481 Md. 274, 297 (2022) (citation omitted).

## DISCUSSION

## I. JUDGE CURTIN PROPERLY GRANTED SUMMARY JUDGMENT.

### A. Parties' Contentions

Mr. Guthrie argues that Judge Curtin erred in holding that he pled nolo contendere because Judge Robinson struck his plea of nolo contendere "by stating 'I'm going to strike the guilty plea -- or strike the plea, the nolo contendere plea. I'm going to strike the guilty verdict[.]'" Mr. Guthrie argues that "[t]o predicate removal from office on a plea . . . [that Judge Robinson] expressly struck" is clear error. Mr. Guthrie contends, therefore, that because he never entered a plea of nolo contendere, Mr. Vincenti improperly removed him from office. Mr. Guthrie also argues that it is immaterial that Judge Robinson did not require him to plead anew after striking the plea, because "[Mr.] Guthrie is not challenging the outcome of the Baltimore County [] [] hearing." Finally,

10

he asserts that "it would undermine the purpose and spirit of [Article XV, Section 2] to allow a defendant to be removed by operation of law where, as [Mr.] Guthrie did here, the defendant expressly and repeatedly denied any guilt on the record."

Citing to the Baltimore County plea hearing transcript, the modified "Guilty Plea Waiver of Rights[,]" and the probation order, Mr. Vincenti argues that Mr. Guthrie entered a nolo contendere plea. He maintains, therefore, that Judge Curtin properly determined that Article XV, Section 2 automatically removed Mr. Guthrie upon entry and acceptance of his nolo contendere plea. Finally, Mr. Vincenti asserts that Judge Robinson's statement about striking the plea was a "mere slip of the tongue" that "was immediately corrected." Thus, according to Mr. Vincenti, the nolo contendere plea was valid because "Judge Robinson *found* [Mr.] Guthrie guilty, [] entered a guilty verdict, [] struck the *verdict*, but never struck the [guilty] *finding*[, and Mr.] Guthrie did not object."

### B.     Legal Framework

We now turn to the separate but related topics of summary judgment, nolo contendere pleas, probation before judgment, and Article XV, Section 2 of the Maryland Constitution.

#### 1.     *Summary Judgment*

A party may file a motion for summary judgment "on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law." Md. Rule 2-501(a). "The court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute

11

as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." Md. Rule 2-501(f).

### 2. Nolo Contendere Pleas

Maryland Rule 4-242(a) provides that "[a] defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere." A nolo contendere plea is one "by which the defendant does not contest or admit guilt." *Bishop v. State*, 417 Md. 1, 18 (2010) (quoting Black's Law Dictionary 1147, 1269 (9th ed. 2009)) (internal quotation marks omitted).

Before accepting a plea of nolo contendere, the court must determine "that there is a *factual basis* for the plea of nolo." *McCall v. State*, 9 Md. App. 191, 201 (1970) (emphasis added). Additionally, the court must examine the defendant on the record and determine that the defendant is pleading "voluntarily with an understanding of the nature of the charge and the consequences of the plea." Md. Rule 4-242(e). If the court accepts the nolo contendere plea, "the court shall proceed to disposition as on a plea of guilty, but without finding a verdict of guilty." *Id.*; *see Hinton*, 257 Md. App. at 590 ("As a result, no verdict of guilty may be found, nor does the acceptance of the plea of *nolo contendere* result in a conviction.") (citation omitted).

"After a plea of nolo contendere is accepted by the court, all that remains is to sentence the defendant. No formal acceptance of a plea of nolo contendere is necessary." *See Cohen v. State*, 235 Md. 62, 70 (1964) (internal citation omitted). Conversely, "[i]f the court refuses to accept a plea of nolo contendere, it shall call upon the defendant to plead anew." Md. Rule 4-242(e).

12

### 3. Probation Before Judgment

The standard for probation before judgment arising from a nolo contendere plea is articulated in CP § 6-220(b), as follows:

> When a defendant pleads guilty or nolo contendere or is found guilty of a crime, a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation before judgment subject to reasonable conditions if:
>
> (1) the court finds that the best interests of the defendant and the public welfare would be served; and
>
> (2) the defendant gives written consent after determination of guilt or acceptance of a nolo contendere plea.

A defendant may also be sentenced[9] to probation before judgment after a "not guilty" plea. CP § 6-220(c)(1). In that instance, "the court may find facts justifying a finding of guilt beyond a reasonable doubt, defer entry of a conviction, and place the defendant on probation before judgment subject to reasonable conditions. . . ." *Id.*

### 4. Maryland Constitution, Article XV, Section 2

Pursuant to Article XV, Section 2 of the Maryland Constitution, any elected official who enters a plea of nolo contendere to a felony or certain other misdemeanors "shall be removed from the elective office by operation of law[.]" A 2012 amendment "[c]hange[d] the point at which an elected official charged with certain crimes is automatically suspended or removed from office." November 6, 2012 General Election

---

[9] Maryland courts have consistently treated probation before judgment as a sentence. *See Jones v. Baltimore City Police Dep't*, 326 Md. 480, 489 (1992) (referring to probation before judgment as "a sentence"); *Carter v. State*, 193 Md. App. 193, 208-09 (2010) (treating probation before judgment "as a sentence for the purpose of a motion to correct an illegal sentence").

13

Returns, *Constitutional Amendments*, Maryland Manual Online, Maryland State Archives, available at [https://perma.cc/79RN-JVFV]. Prior to the amendment, an elected official was suspended upon a conviction or nolo contendere plea and only removed when the conviction became final. *Id.* The amendment "modified Art. XV, [Section] 2 by . . . mandating immediate and automatic removal for guilty pleas and *nolo contendere* pleas for qualifying crimes." 97 Md. Op. Att'y Gen. 58, 63 n.2 (2012) (citation omitted).

In *Hall v. Prince George's Cnty. Democratic Cent. Comm.*, the Supreme Court of Maryland held that an elected official, Tiffany Alston, "was removed from office by operation of law on the day she was sentenced for misconduct in office while in office[.]" 431 Md. 108, 114 (2013). In that case, Ms. Alston was "convicted and sentenced for the common law offense of misconduct in office." *Id.* at 111. Although the Court in *Hall* applied Article XV, Section 2 prior to the 2012 amendment,[10] its holding nonetheless illustrates the swiftness with which removal "by operation of law" occurs; the Court held that, "as of *that moment* [of the qualifying act], Ms. Alston was removed as a Delegate by operation of law from her seat." *Id.* at 130 (emphasis added). Accordingly, removal occurs "as of [the] moment" an elected official enters a nolo contendere plea. *Id.*

---

[10] The trial and sentencing for "offenses that qualified [Ms. Alston] for removal" occurred prior to ratification of the 2012 amendment to Article XV, Section 2, which further accelerated the removal process. *Hall v. Prince George's Cnty. Democratic Central Committee*, 431 Md. 108, 116 (2013); *see also* 97 Md. Op. Att'y Gen. 58, 62 n.2 (2012) ("[The] constitutional amendment [] substantially modified Art. XV, [Section] 2 by . . . mandating immediate and automatic removal for guilty pleas and *nolo contendere* pleas for qualifying crimes.") (citation omitted).

14

## C.    Analysis

We are unpersuaded by Mr. Guthrie's argument that he did not enter a nolo contendere plea. Neither our plain reading of the Baltimore County plea hearing transcript nor the record support his contention that Judge Robinson "expressly rejected the plea."

After Mr. Guthrie indicated his intent to enter a plea of nolo contendere, Judge Robinson confirmed that the plea was knowing, voluntary, and intelligent. Mr. Guthrie's counsel then, again, asked Judge Robinson to confirm his acceptance of the plea, which Judge Robinson did. There was no further formality, specific step or words needed from Judge Robinson to accept Mr. Guthrie's plea. *See Cohen*, 235 Md. at 70 (explaining that courts need not formally accept a plea of nolo contendere).

During sentencing, Judge Robinson stated: "I'm going to strike the guilty plea -- or strike the plea, the nolo contendere plea. I'm going to strike the guilty verdict and I'm going to grant [Mr. Guthrie] a [p]robation [b]efore [j]udgment." As we read the Baltimore County plea proceeding transcript in its totality, Judge Robinson appears to have misspoken in stating that he would "strike the guilty plea -- or strike the plea, the nolo contendere plea." The record supports the conclusion that Judge Robinson intended to strike the guilty verdict, to accept the nolo contendere plea, and to sentence Mr. Guthrie to probation before judgment.[11] Before Judge Robinson's acceptance of the nolo

_____

[11] We note, for completeness, that by accepting probation before judgment, Mr. Guthrie "waive[d] the right to appeal at any time from the judgment of guilt" in the Baltimore County criminal case. CP § 6-220(g)(1).

15

contendere plea, he found beyond a reasonable doubt that Mr. Guthrie was guilty and entered a guilty verdict. Judge Robinson could not have issued a guilty verdict *and* accepted a nolo contendere plea. Md. Rule 4-242(e) (providing that, upon acceptance of a nolo contendere plea, a court shall refrain from entering a guilty verdict). As we read the transcript, Judge Robinson likely realized while sentencing Mr. Guthrie to probation before judgment that a guilty verdict could not stand alongside the nolo contendere plea, and therefore explained that he was "going to strike the guilty verdict" to preserve the plea's compliance with the Rule.

The broader record also supports Judge Robinson's acceptance of the plea. For example, after sentencing, Judge Robinson provided Mr. Guthrie with his post-trial rights. It defies logic that Judge Robinson could advise Mr. Guthrie of his post-trial rights without first accepting Mr. Guthrie's plea. Indeed, as Judge Curtin pointed out at the hearing on the Motion for Summary Judgment, a probation before judgment can only be entered as a sentence after "a plea of something."

Additionally, Mr. Guthrie signed a modified waiver of rights form containing an explicit statement that he consented to entering a plea of nolo contendere. Mr. Guthrie's probation order, signed by both Mr. Guthrie and Judge Robinson, stated that Mr. Guthrie "was consenting to and receiving a stay of judgment under [CP] § 6-220." This document supports that Mr. Guthrie entered a nolo contendere plea that was accepted by Judge Robinson. Under CP § 6-220(b), when a defendant pleads guilty or nolo contendere and the court places the defendant on probation before judgment, the court "may stay the entering of judgment[.]" Alternatively, when a defendant pleads not guilty,

16

the court may instead "defer entry of a conviction." CP § 6-220(c)(1). The language in the probation order, namely, that Mr. Guthrie was "consenting to and receiving a stay of judgment[,]" implicates CP § 6-220(c)(1) and thus evinces that Mr. Guthrie entered a nolo contendere plea.

Mr. Guthrie additionally argues in his reply brief that a not guilty plea was "entered by [Judge Robinson] by default" pursuant to Maryland Rule 4-242(b)(4). Nothing in the record, however, indicates that Mr. Guthrie "fail[ed] or refuse[d] to plead as required[,]" *id.*, and we reject this argument. We also note that at no point did Judge Robinson call on Mr. Guthrie to "plead anew[,]" as he would have been required to do if he had refused to accept Mr. Guthrie's nolo plea. Md. Rule 4-242(e).

In sum, our reading of the Baltimore County plea hearing transcript, as well as Mr. Guthrie's waiver of rights form and the accompanying probation order, support that Mr. Guthrie entered a nolo contendere plea. Mr. Guthrie's entry of a nolo contendere plea triggered his "remov[al] from the elective office by operation of law[.]"[12] Md. Const. Art. XV, § 2. *See Hall*, 431 Md. at 114; *see also* 97 Md. Op. Att'y Gen. at 63 n.2 (citation omitted). Accordingly, Mr. Vincenti satisfied his burden of showing no genuine dispute of material fact, and was thus entitled to judgment as a matter of law.

---

[12] Given the above, we are likewise not persuaded by Mr. Guthrie's argument that after he entered a nolo contendere plea, further court intervention was required before removing him from elected office. *See Hall*, 431 Md. at 130 (characterizing removal "by operation of law" as occurring "as of th[e] moment" of the qualifying event under Article XV, Section 2).

**CONCLUSION**

We hold that when Mr. Guthrie entered a nolo contendere plea, he was removed from office by operation of law pursuant to Article XV, Section 2 of the Maryland Constitution. For this reason, Judge Curtin properly granted summary judgment in favor of Mr. Vincenti.

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

18